OTHO E. GRISWOLD, Plaintiff in Error, *vs.* ISAAC B. TAYLOR, Defendant in Error.

#### ERROR TO THE DISTRICT COURT OF DODGE COUNTY.

The affidavit of the printer, of the publication of a notice of sale under foreclosure by advertisement, and the affidavit of the Sheriff who made the sale, concerning the same, are presumptive evidence of the facts therein contained, by virtue of the statute. *Page* 645, *sees.* 14, 15.

A stipulation in a mortgage, that in case of a foreclosure the mortgagor should pay the sum of fifty dollars, as an attorney's fee, in addition to the indebtedness secured, was not in conflict with any provision of statute in force in this State, nor with any principle of law, and a foreclosure under the statute, claiming the amount stipulated, is not invalid. If, however, the stipulation was inserted as a means of obtaining a greater rate of interest than was allowed by law, or for other unconscionable purposes, equity would relieve the mortgagor therefrom, upon a proper showing.

COGGSWELL, LADUE & LORD, Counsel for Plaintiff in Error.

WILDER & WILLISTON and GEO. L. TARBELL, Counsel for Defendant in Error.

*By the Court.*—FLANDRAU, J.—We collect from the paper books in this case, that on the 16th day of October, 1858, the Defendant gave a note, secured by mortgage on real estate in Dodge county, for the sum of $272, payable one year from date. That the note and mortgage, by assignment, passed into the hands of the Plaintiff on the 31st day of August, 1859. That the Plaintiff foreclosed the mortgage by advertisement, and sold the land on the 21st day of February, 1860, and became the purchaser himself for the sum of $341. That the mortgage contained a stipulation by which the mortgagor

agreed to pay the mortgagee the sum of fifty dollars, as attorney's fees, in case the mortgage was foreclosed, which fifty dollars was to be beyond the costs allowed by law. That the notice of foreclosure which was published in the newspaper, stated that the land would be sold to pay this sum, as well as the amount due upon the mortgage, interest and costs. After the time for redemption had expired, the Plaintiff brought this action to recover possession of the premises, and on the trial offered in evidence the affidavit of the printer of the publication of the notice of sale, and also the affidavit of the sheriff who made the sale, concerning the same, which affidavits had been duly recorded, and were endorsed by the Register of Deeds to that effect. The Court excluded them on the ground that they were not the best evidence of the facts sought to be established. It is unaccountable how the Court could have fallen into such an error. The statute on the subject of the foreclosure of mortgages by advertisement, distinctly provides for the perpetuation ot the evidence of these foreclosures by the preparation and record of these affidavits, and then declares that " such original affidavits, the record thereof, and certified copies of such record shall be presumptive evidence of the facts therein contained." *Comp. Stats.*, *p.* 645, *secs.* 14, 15. The mere reference to this statute precludes all further comment on the question.

The Plaintiff then offered the original record, which was also refused. It seems that he was permitted to prove the facts in some manner, but how, does not appear in the paper books. The Court clearly erred in making these rulings, but they became immaterial, as the case was determined upon another point, upon which the Defendant's counsel admits it must depend for its solution.

The Court finally dismissed the action upon the ground that the statement in the notice that the land would be sold to pay the fifty dollars counsel fee, as well as the amount due for principal, interest and costs, vitiated the sale. No reasons are given for the decision, and the only one urged by the counsel for the Defendant is, that the stipulation in the mortgage must be regarded in the light of a penalty, in violation of the statute, and against the policy of the law.

There is no doubt that parties who are competent to contract, may make such bargains as they please, if they do not contravence some statute or principle of law or equity. Some states and countries have seen fit to prohibit contracts of champerty and maintenance being made, and also the taking of more than a fixed sum for the use of money, and almost all countries that have an enlightened system of jurisprudence, interfere to prevent contracts that are oppressive and unconscionable from being enforced. At the time this mortgage was executed, parties were free to contract for any rate of interest they were willing to pay. We had no usury laws at all. Nor was there any objection to parties stipulating for the payment of counsel fees in any suit or legal proceeding in which they might be engaged, beyond the costs allowed by law. In fact the costs fixed by statute which the successful party recovered from his adversary, have been frequently held to belong to the party and not the attorney, leaving the compensation of the latter dependent entirely upon the contract between himself and his client; such a stipulation as was contained in this mortgage, which was to pay fifty dollars for attorneys' fees in case of foreclosure, was clearly not in conflict with any provision of statute in force in this State, nor with any principle of law that we are aware of, that is, standing alone, and unaided by other circumstances, it is simply an agreement to pay for certain services, which may become necessary in the contingency of nonpayment of the sum secured by the mortgage. The statute allowed the sum of ten dollars as costs for foreclosing a mortgage by advertisement. *Comp. Stats., p.* 646, *sec.* 20, and a mortgagee who resorted to a Court of Equity, could recover the same sum as in other civil cases, amounting to twelve dollars, if no defence was made, and in any event not more than thirty-two dollars. *Id.* 578, *sec.* 7. It is not unreasonable to suppose that mortgagees in many cases are compelled to pay their attorneys much larger fees for foreclosing mortgages, than the amount they recover from the mortgagor, or obtain from the land pledged; what valid objection then can be urged against the insertion in the mortgage of a stipulation which will save the mortgagee harmless in the event of a forced collection? We confess our

Griswold v. Taylor.

inability to discover any. It can readily be seen how such a course might be pursued as a means of obtaining a greater rate of interest than that allowed by law, or how a sum might be agreed upon between a hard pressed borrower and a rapacious lender, which would be deemed in equity unconscionable, and be relieved against upon a proper showing, but no such features embarrass this case. There were no usury laws to circumvent, and there is no pretense that the sum of fifty dollars was more than a reasonable fee for the services for which it was agreed to be paid. In the absence of objection and proof, we cannot presume anything of the kind. As such a condition is not, *per se*, invalid in a mortgage, a foreclosure within its terms is regular. If the mortgagor seeks relief from it for any reason, he should pursue the same course suggested in the case of a stipulation for greater damages than the law allows for the nonpayment of the principal. *Bidwell vs. Whitney*, 4 *Minn.*, 76.

The question seems clear to us upon reason and principle, but we are not without authority. In the case of *Tollman vs. Truesdale*, 3 *Wisconsin*, 443, the question was the same. The mortgage contained a stipulation to pay forty dollars, as solicitors' fees. There was a usury law in force in the State at the time of the execution of the contract which vitiated contracts where a greater sum was agreed to be paid than that allowed by law. After discussing several questions that were raised under the usury law, upon stipulations for compound interest, and interest to be paid semi-annually, and holding them not well taken, the Court says:

" So in regard to the stipulation for the payment of counsel or solicitor's fees in case of foreclosure. Whenever this is resorted to as a cover for a greater rate of interest than is allowed by law, it then vitiates the contract, but when it is stipulated in good faith as an indemnity for the necessary expenses of foreclosure, and is reasonable in amount, we see no objection to its incorporation in the contract or its enforcement, *Opinion, page* 454.

The Court erred in dismissing the action. The judgment is reversed, and the case remanded for a new trial.