·CHAUNCEY C. A. POND, an Infant, by his Guardian, *vs.* EMILY R. HOLBROOK and another.

### July 10, 1884.

**Landlord and Tenant—Covenants in Lease—Erasure before Execution—Construction.**—Parties prepared a lease upon a printed form. In the form was a covenant not to sublet without the lessor's written consent. Following the covenants were conditions, one reserving the right to re-enter in case of subletting without the lessor's consent. Before ·executing they erased the clause containing the covenant, but left that ·containing the condition unchanged. *Held,* that the erasure of the covenant did not raise an inference that they intended the condition to be of no effect.

Appeal by defendants from a judgment for restitution in the municipal court of Minneapolis, where the action was tried by the court without a jury.

*Lane & Dodge,* for appellants.

*Jackson & Pond,* for respondent.

GILFILLAN, C. J. Action in the municipal court of Minneapolis, under Gen. St. 1878, *c.* 84, to recover leased premises, for breach of conditions in the lease. The lease was prepared upon a printed form. In the form was this covenant, among others, on the part of the lessee: "that he will not assign or underlet the premises, or any part thereof, without the consent of the lessor written on the back of this lease." Following the covenants there was in the form the following condition, among others: "If any part of said demised premises are underlet without the consent of the lessor, as above named, * * then, and in either of said cases, the lessor, his attorney, agent, heirs, or assigns, may, in any manner he or they may see fit, re-enter immediately into the said leased premises, and remove all persons there-

from," etc. Before execution of the lease the clause containing the covenant was erased, but the clause containing the condition was left without any change. The defendants insist that erasing the covenant indicates an intention that they should have the right to sublet, and shows that leaving in the condition was a mere inadvertence; for they say "the two clauses were connected and dependent, of the same import, and directed to one and the same subject." The two clauses, however, were not of the same effect. The lessees would incur a personal responsibility by a breach of the covenant, while the utmost consequences of a breach of the condition would be a forfeiture of the lease. They may have been willing to incur the hazard of the latter, but not of the former. Therefore, no inference can be drawn that they intended the condition to be of no effect, from the fact that they objected to the covenant remaining in the lease.

The breach complained of consisted in subletting the entire premises, without the lessor's consent, about October 1, 1883. It appears that prior to that time, and from the date of the lease, as we infer, the defendants had from time to time sublet the second story of the building, and that this was done with the consent of the plaintiff, and he accepted from defendants the rent as it accrued, up to October 1, 1883. Such prior sublettings, being with the lessor's consent, were no breach of the condition. There are, therefore, no facts upon which to base defendants' proposition that the condition was dispensed with and destroyed, by waiver by receipt of rent after a breach; and we need not consider what effect receipt of rent after a breach would have had on the condition.

The breach by subletting, October 1, 1883, being sufficient to justify the judgment appealed from, it is unnecessary to consider whether a breach of the condition against waste was shown.

Judgment affirmed.