## JOHN G. GLUCK *vs*. HERMAN ELKAN.

### November 22, 1886.

**Lease—Continuing Condition—Waiver.**—Conditions of a continuing nature in a lease are waived, by the acceptance of rent by the landlord, only as to past breaches. The landlord is not thereby precluded from taking advantage of the forfeiture resulting from a subsequent or continued breach.

**Same—Unlawful Detainer.**—Under Gen. St. 1878, *c.* 84, § 11, to recover possession of premises held contrary to the conditions of a lease, it is not essential that the possession of the defendant be maintained by force and strong hand.

The plaintiff brought this action in the municipal court of Minneapolis, on May 4, 1886, to obtain restitution of certain leased premises. The action was tried by the court, who found that defendant went into possession under a lease from plaintiff, by the terms of which, and as a part of the consideration for the use and occupation, the defendant covenanted at all times during the continuance of the term to keep the basement, stairway, and area open, clean, and free from rubbish; that from and since November, 1885, the defendant has allowed the same to become and remain dirty and obstructed with snow, ice, ashes, and rubbish, and during April, 1886, has allowed the stairway and area to become dirty and partially obstructed with ashes and rubbish, and has neglected and refused, when requested by plaintiff, to remove the same or to keep the stairway and area open and clean; that on April 10, 1886, plaintiff notified defendant that, on account of his failure to keep and perform the covenants of the lease, he would not rent him the premises after the expiration of the existing term, and that defendant, on the first day of each month to and including April, 1886, paid to plaintiff the monthly rent according to the lease. The lease was for a term of twenty-one months from August 1, 1884, with the privilege of an extension of three years "at a reasonable rent at that time to be agreed upon by the parties," upon sixty days' notice prior to the expiration of the first term, which notice was duly given. The rent was payable in monthly

instalments on the first day of each month. Upon the above facts the court directed judgment for the plaintiff, and defendant appeals from an order refusing a new trial.

*P. M. Babcock*, for appellant.

*Robinson & Baker*, for respondent.

DICKINSON, J. One of the covenants in the lease of the premises to the defendant, and a condition upon which the lease was made, was that the lessee should at all times keep a certain stairway and area—a part of the leased premises—open, clean, and free from rubbish. This the defendant did not do. For several months after the defendant's default in this, the plaintiff received the rent for the premises, which was payable monthly in advance. He so received the rent for the month of April, 1886, on the first day of that month. The lease was to terminate May 1, 1886, unless it should be renewed or extended in accordance with the right expressly reserved to the lessee. During the month of April, 1886, the defendant further violated, or continued to violate, the prescribed condition, and neglected and refused, when requested by the plaintiff, to keep the stairway and area open and clean. The plaintiff, on the tenth day of that month, notified the defendant that, on account of the failure of the defendant to perform the conditions of the lease, he should not extend the same.

The condition in question was of a *continuing* nature. The receiving of rent from month to month would be effectual as a waiver for the past breach of it, but that would not relieve the tenant from the duty of performance in the future. The default and refusal of the defendant in this respect, during the month of April, *after* the last rent had been paid, justified the plaintiff in terminating the lease, and in refusing to extend it, as otherwise he might perhaps have been required to do. Taylor, Landl. & Ten. (7th Ed.) § 500; *Block* v. *Ebner*, 54 Ind. 544; *Farwell* v. *Easton*, 63 Mo. 446; *Doe* v. *Gladwin*, 6 Q. B. (51 E. C. L.) 953; *Doe* v. *Woodbridge*, 9 Barn. & C. 376.

As to the materiality of the condition, it is enough that the parties have made this express agreement.

It was not necessary, to authorize this proceeding, that the defendant be shown to have maintained his possession "by force and strong

hand." The proceeding is under Gen. St. 1878, c. 84, § 11. It was enough that the defendant held the premises contrary to the conditions of his lease.

Order affirmed.