## CONRAD BAUER vs. ABRAHAM KNOBLE.

Submitted on briefs Oct. 13, 1892.  Decided Nov. 23, 1892.

**Waste by Tenant does not Forfeit the Lease unless so Agreed.**

Where a lease contains no provision for the termination thereof, or for
re-entry upon the breach of the covenants therein, a mere breach of cov-
enant or the commission of waste does not work a forfeiture or give a .
right of re-entry, so as to authorize an action for an unlawful detainer
under 1878 G. S. ch. 84, § 11.

Appeal by plaintiff, Conrad Bauer, from an order of the Municipal
Court of the City of Minneapolis, *Elliott, J.*, made February 24,
1891.

On December 27, 1889, plaintiff rented his farm in Hennepin
County to the defendant Abraham Knoble for five years from April
15, 1890, he to pay plaintiff therefor $200 rent annually, to cut no
green trees, and to keep in good repair the structures thereon, nat-
ural wear excepted.  There was no provision in the lease that the
term should end or be forfeited for any cause, before the expiration
of the five years.

On January 13, 1891, plaintiff complained before the Municipal
Court that his tenant, Knoble, had cut growing timber on the land
and removed the granary and chicken house, and asked restitution.
The tenant was summoned, and answered, admitting the acts com-
plained of, but alleged that plaintiff orally consented.  The court
ordered restitution, but on a motion for a new trial, granted it, on
the ground that his decision was contrary to law.

*Geo. R. Robinson*, for appellant.

*Gray & Pulliam*, for respondent.

VANDERBURGH, J.  The complaint for forcible detention of leased
premises alleges that the defendant, by his lease, agreed to well and
faithfully till and farm during the term of the lease the leased
premises according to the usual course of husbandry; and in the
lease offered in evidence it is provided that the defendant should
have "the privilege of using for fuel only fallen down trees, and

not to take green trees on said premises." The complaint also shows that the defendant "has violated the terms of the lease, and has committed waste on the said real estate, by digging up, cutting down, and removing green and growing timber on said land, and by removing the granary and chicken house thereon."

The lease was for a term of five years, and contains no provision for the termination of the lease, for a breach of the covenants therein, or for the commission of waste. The statute (1878 G. S. ch. 84, § 11) provides that when any person holds over any lands or tenements contrary to the conditions or covenants of the lease or agreement under which he holds, complaint may be made for unlawful detainer under the statute.

We think no case is made under this section, either by the complaint or evidence.

The holding over must be after a determination of the lease by a forfeiture or in pursuance of a proviso in the lease giving a right of re-entry. A mere breach of covenant does not work a forfeiture or give a right of re-entry; and where there is no forfeiture or right of re-entry, the holding cannot be said to be contrary to the conditions or covenants of the lease. The lessor, having the *jus disponendi,* may annex to the grant whatever conditions he please in respect to re-entry or the termination of the lease; and upon the breach of such conditions, subject to statutory provisions, may avoid the lease. Woodf. Landl. & Ten. § 181.

It is clear that there are no such conditions or provisos in this lease, and this summary remedy cannot be invoked. *Pickard* v. *Kleis,* 56 Mich. 604, (23 N. W. Rep. 329;) *Langley* v. *Ross,* 55 Mich. 163, (20 N. W. Rep. 886.)

And the extent of the alleged waste does not bring the case within the provision of 1878 G. S. ch. 75, § 45, in respect to a forfeiture for waste.

Order affirmed.

(Opinion published 53 N. W. Rep. 805.)