## WILLIAM WYLIE *vs.* ARNY GRUNDYSEN.

Submitted on briefs Oct. 24, 1892.   Decided Nov. 23, 1892.

**Fixtures Wrongfully Severed from Homestead are Exempt.**

A building which is exempt from levy and sale as an appurtenant of an exempt homestead does not lose its exempt character by the wrongful severance thereof from the realty by a trespasser; but after a severance the owner may sue for its conversion as personal property.

**A Judgment for Such Fixtures is Exempt.**

And a judgment recovered for the value thereof will be treated as a judgment for exempt personal property, within the meaning of 1878 G. S. ch. 66, § 313, and be also exempt from sale upon execution.

**Demand of the Money as Exempt—When Excused.**

Where a sheriff collected upon execution money due upon an exempt judgment, and applied the same upon an execution against the judgment creditor, in his hands, before a lawful levy thereon, without any notice to such creditor, or opportunity for him to make any demand, *held,* that no subsequent demand upon him was necessary before suit brought to recover the same.

Appeal by defendant, Arny Grundysen, sheriff of Polk County, from an order of the District Court of Polk County, *Mills,* J., made March 10, 1892, denying his motion for a new trial.

The plaintiff, William Wylie, on March 22, 1890, owned and occupied as his homestead eighty acres of land in Polk county.   On it was a frame granary, a fixture on the farm.   He had in the granary seventy-five bushels of wheat, thirty bushels of barley and twenty-five bushels of screenings, all which were exempt from levy and sale on execution under 1878 G. S. ch. 66, § 310, and ch. 68, § 1.   On that day one James I. Wyer wrongfully and unlawfully severed the granary from the freehold, and removed it and the grain in it, and converted the whole to his own use.   Wylie brought an action in the District Court of Polk County against Wyer for the trespass and conversion and recovered judgment therein against him on March 23, 1891, for $468.76; and a writ of execution was next day issued thereon to the defendant, who was sheriff of the county.   Wyer im-

mediately paid to the defendant the amount of the judgment against him and the writ was returned satisfied.

The sheriff had in his hands at the same time two writs of execution against William Wylie issued upon two judgments, one recovered in the District Court by D. C. Van Brunt for $127, and the other recovered in a Justice Court by George H. Palmer for $69.60. The sheriff levied these two executions upon the judgment recovered by plaintiff William Wylie and upon the money collected by him to pay it; and applied so much of it as was necessary to pay the two executions, interest and his fees. The sheriff then served upon plaintiff Wylie copies of these executions and of his levy and paid over to him the balance. Wylie, without making demand of the money, commenced this action to recover the part of the money retained by the sheriff, claiming that it was exempt from levy under 1878 G. S. ch. 66, § 313. The defendant by his answer denied that the judgment recovered by plaintiff was for taking exempt property, and denied that it or the money paid to satisfy it was exempt, and alleged that no demand of the money had been made before this action was commenced. A jury was waived and the issues were tried by the court. Findings were made and judgment ordered for the plaintiff. Defendant moved for a new trial, and being denied appealed.

*Montague & Bucklen,* for appellant.

*H. Steenerson, E. M. Stanton,* and *A. R. Holston,* for respondent.

VANDERBURGH, J. It is alleged and found that the plaintiff recovered a judgment against one Wyer for the unlawful taking, removal, and conversion of certain property described in the complaint as wheat, barley, and a certain frame building used as a granary, in which the grain mentioned was stored. It is also alleged, and so found, that the granary was situated upon plaintiff's exempt homestead, and a fixture thereon, and was accordingly exempt from levy and sale. The grain was also found to be exempt. The amount of the judgment so recovered was the sum of $468.76.

An execution was issued to the sheriff defendant in this action for the collection of this judgment March 24, 1891, and on the next day the defendant in the execution paid him, in satisfaction thereof, the

amount of the judgment, with interest and costs.    Prior to the date last mentioned, there had been recovered judgments against the plaintiff, amounting to the sum of $267.69, with interest and costs; and executions were duly issued on such judgments to the defendant, as sheriff, on the 23d day of March, 1891, and on that day he undertook to levy upon the first-mentioned judgment,—that is to say, it is found by the court that on the same day the defendant, as such sheriff, and for the purpose of levying such executions, made certified copies of both executions, and served them, together with his return, upon the clerk of the court, and notified the clerk of such levy, but did not serve the plaintiff, judgment debtor in the executions, and judgment creditor in the judgment levied on, until the 30th day of March, 1891.    On the 25th day of March the defendant sheriff applied, of the money collected for plaintiff on his judgment, the sum of $267.69 in satisfaction of the executions against him; and it is to recover that sum as having been wrongfully so applied by the sheriff that this action is brought against him.

1. The exempt homestead included the granary as appurtenant to the premises, and necessary for the use of the family, (1 Freem. Ex'ns, § 245; 1878 G. S. ch. 68, § 1;) and it did not lose its exempt character by reason of its severance from the freehold through the wrongful act of a trespasser.    But, the severance having taken place, the owner of the exempt homestead to which it belonged might bring replevin, or sue for its conversion as personal property,—*Washburn* v. *Cutter*, 17 Minn. 367, (Gil. 335,)—and the judgment recovered for the value of the grain and the granary in which it was stored may be treated as a judgment for exempt personal property, within the meaning of 1878 G. S. ch. 66, § 313, and accordingly exempt from levy upon execution.

2. But in order to fix a liability upon the sheriff for such wrongful levy upon the exempt judgment he should have had proper notice or a demand should have been made upon him before suit brought against him, unless prevented by his own conduct.    This was not shown in the case, but the money was prematurely paid over or applied on the executions before the levy was completed by the proper notice to plaintiff so as to enable him to make a seasonable demand.

Id. § 306. Such payment was unauthorized, and the necessity of proof of a demand was dispensed with.

Order affirmed.

(Opinion published 53 N. W. Rep. 805.)