Louisa E. Douglas *et al. vs.* Charles F. Herms *et al.*

Submitted on briefs April 10, 1893. Decided May 8, 1893.

**Lease Construed.**

> The conditions found in a certain lease of real property, respecting the right of the landlord, at his election, to declare the same terminated, the leasehold interest forfeited, and to maintain an action to enter upon and take possession of the premises, considered and construed.

**Landlord's Right of Re-entry for Condition Broken, not Waived.**

> *Held*, upon such construction, that the landlord had not waived or lost his right to elect to recover possession as for nonpayment of rent by forbearing to collect the rent promptly as it became due, thus allowing the tenant to habitually be in default, or by paying taxes upon the premises which should have been paid by the tenant, as provided in the lease.

Appeal by defendants, Charles F. Herms, Fred Heckrich, John B. Prim and Philip M. Wirth, from an order of the District Court of Hennepin County, *Frederick Hooker*, J., made January 28, 1893, denying their motion for a new trial.

On June 2, 1884, the plaintiffs, Louisa E. Douglas and three others, owned the premises Nos. 513 and 515 Washington Avenue North, in Minneapolis, then unimproved, and on that day they leased the same to defendant Charles F. Herms for the term of one hundred years, he to pay all taxes and assessments and the yearly rent of $720, in quarterly payments in advance. If default should be made in the payment of rent or taxes the owners were authorized to de-clare the lease ended and all buildings, fixtures and improvements forfeited to them, and to enter and take possession. Or the own-ers, if they so elected, were authorized to pay the taxes, and the money so paid and all rent in arrears were to be a lien on the build-ings, fixtures and improvements, and they were authorized to fore-close such lien and sell the buildings, fixtures and improvements to pay such taxes and rent.

Herms erected a brick building on the premises, costing over $6,000, and leased parts of it to the defendants Prim and Wirth. On September 2, 1892, Herms, being insolvent, made a general assign-ment to defendant Heckrich of all his nonexempt property in trust for his creditors. On October 1, 1892, $1,843.05 was due for rent, and $831, for taxes paid by the owners, besides interest, and they on that day, declared the lease ended and the buildings, fixtures and improvements forfeited, and made complaint before W. H. Mills, a Justice of the Peace, under 1878 G. S. ch. 84, § 11, to remove the defendants as overholding tenants. After a hearing, the Justice held that complainants had waived their right to re-enter, and could only foreclose, and refused restitution. They appealed to the District Court. The action was there tried on December 16, 1892, before the court without a jury, and findings were made that complainants were entitled to restitution, and directing judgment that they be put into possession. The defendants moved the court upon the record, files and a settled case, for a new trial, but were denied, and they appeal to this court.

*Ankeny & Irwin,* for appellants.

The remedy for forcible detainer cannot be applied where the parties have in the lease, provided one or more other and different remedies. It is enough that they have made such agreement. *Gluck* v. *Elkan,* 36 Minn. 80.

On May 30, 1891, there was a default in the payment of taxes of over $800, and plaintiffs paid them. They thereby elected to abandon the first remedy, and to stand upon the lien and its foreclosure, instead of declaring the lease forfeited. *Newton* v. *Leary*, 64 Wis. 190; *Langley* v. *Ross*, 55 Mich. 163; *Pickard* v. *Kleis*, 56 Mich. 604; *Bauer* v. *Knoble*, 51 Mich. 358.

Where two or more remedies are so provided, the court will lean to the one least likely to inflict injury. This property before the commencement of this action, came by the assignment into the custody of the law, and under the control of the court. If this action be sustained, the estate will be utterly lost. It is idle to say that the assignee or creditors may still have six months in which to redeem under 1878 G. S. ch. 75, § 33. That statute cannot be made to apply to an action brought under ch. 84, § 11. *Byrane* v. *Rogers*, 8 Minn. 281, (Gil. 247;) *Whitaker* v. *McClung*, 14 Minn. 170, (Gil. 131.)

*Geo. P. Douglas*, for respondents.

The plaintiffs were authorized to declare the lease canceled, and to take possession of the property by means of an action under 1878 G. S. ch. 84, § 11. *Gluck* v. *Elkan*, 36 Minn. 80; *Suchaneck* v. *Smith*, 45 Minn. 26.

It is provided that the lessor's lien may be foreclosed as mortgages are foreclosed. This cannot be construed to mean that the lessors having a lien, *must* elect to foreclose it as mortgages are foreclosed. Such a construction would render the clause for cancellation and re-entry a nullity. The parties made no such contract. There is nothing inconsistent in the two remedies. *Dyckman* v. *Sevatson*, 39 Minn. 132; *Coles* v. *Yorks*, 31 Minn. 213; *Smith* v. *Miller*, 49 N. J. Law. 521.

We do not understand that there are any equities to be adjusted in this action. The assignee and creditors stand in the same position as the original lessee. Burrill, Assignments, 621.

COLLINS, J. Plaintiffs, being the owners of vacant city property, leased the same, in 1884, to defendant Herms for a long term of years.

The latter was to pay the stipulated rent quarterly, in advance, and was also to pay all taxes which might be assessed or levied thereon. He erected a substantial building upon the property. On September 2, 1892, being insolvent, he executed a deed of assignment for the benefit of his creditors, thereby conveying his leasehold interest and all other rights in and to the premises to defendant Heckrich, who still remains the assignee under the insolvency laws of this state. The other defendants herein are tenants in possession under leases made by Herms prior to his assignment. It appears that, for some years before the assignment, default had been made in the quarterly payments of rent, so that $1,843.05, exclusive of interest, was then due. The tenant had also neglected to pay taxes, which on May 30, 1891, amounted to $831, and this sum plaintiffs paid to the proper authorities on that day. From time to time during the period of default, partial payments had been made by the tenant, and accepted by plaintiffs, but at no time had the rent been paid in full, although often demanded. The present action was brought before a justice of the peace under the forcible entry and unlawful detainer act, 1878 G. S. ch. 84, § 11, and from his decision an appeal was taken to the District Court, in which judgment of restitution was ordered. This appeal is from an order refusing defendants a new trial.

The result here must be made to turn upon our construction of a portion of the lease. It was therein provided that if default should be made by the tenant in his payments of rent and taxes at the times and in the manner specified, the landlords should have the option and election to declare the lease terminated absolutely, and all of the tenant's rights and interest thereunder, and all of his rights and interest in and to all buildings and improvements upon the premises, forever ended and forfeited, and should also have full right and power to enter into and upon, and to take possession of, the premises, including all of said buildings and improvements; or, at the election of said landlords, they could pay the taxes, instead of declaring the lease forfeited; and in either case the amount of all rents in arrears, and the amount of all taxes paid, should become a lien on the leasehold estate, and on all buildings and improvements, prior and paramount to all other liens or claims of every

nature, which prior and paramount lien might be foreclosed in the same manner as a mortgage upon real property.

Counsel for appellants do not claim that, if the conditions first mentioned with respect to the forfeiture of the tenant's rights and interests in case of default stood alone in the lease, this action would not be maintainable; but their position is that, having been indulgent to the tenant during the period of four years next preceding his assignment, allowing him to default habitually in his quarterly payments of rent, and, further, by having paid taxes in the year 1891 which the tenant should have paid, they have abandoned their right to declare a forfeiture, and to take possession of the entire premises, and have chosen and elected to rely solely upon their lien, and the power and authority conferred to foreclose the same as a real-estate mortgage. The contention is that there are two distinct and independent remedies in case of default provided for in the lease, one of which has been selected, and that by this selection the landlords have lost the right to summarily dispossess the defendants under the provisions of section 11, *supra*. It is true that when the first default occurred, in 1888, probably, these plaintiffs could have exercised their rights, and arbitrarily ejected Herms and his tenants from the property. They seem to have been lenient, and to have accepted partial payments when not required so to do. In May, 1891, finding a large sum due for taxes which should have been paid by the tenant, they were again forbearing, and, paying the amount, refrained from exercising the right of forfeiture. It may be possible that, as to past defaults in payment of both rents and taxes, strict construction of the terms of the lease would require us to hold that by means of this payment of taxes the landlords elected to rely solely upon their lien, and waived and lost the right to recover possession. But, if this be so, the bare fact that subsequently to the payment of taxes the tenant was permitted to repeatedly default, and the landlords frequently accepted partial payments, as for rent, cannot be given the same effect, any more than if, at the time the taxes were paid, the tenant had met all of his obligations under the lease, and had liquidated all past indebtedness. The election, if it was made so as to deprive these plaintiffs of the remedy they are now pursuing, of which we have doubt, cannot be regarded

as an election for the future, any more than the acceptance of rent from month to month, and while a tenant is in default in the performance of some of the conditions of a lease, will be held to have relieved him from the duty of performance in the future. See *Gluck* v. *Elkan,* 36 Minn. 80, (30 N. W. Rep. 446.) According to the conditions of the lease before mentioned, the plaintiffs had a prior and paramount lien for rent in arrears at all times, which they could, if they chose, foreclose as a mortgage upon land. They were also authorized to pay delinquent and unpaid taxes, and the amount of the same was a lien of the same general character. But certainly, as to rents which became due after the plaintiffs paid the taxes, there is nothing which evidences an intent to rely solely upon their lien. That they were indulgent and accommodating, allowing the default to continue, and the amounts due to steadily increase, simply failing to put the tenant out, cannot be regarded as proof of their election to waive the right to declare a forfeiture or to take possession, as provided for in the lease. A lessor of real property will not be estoppeled to claim the right to possession of the premises for nonpayment of rent simply because he permits default to be made, and to continue, as to such payments.

Order affirmed.

VANDERBURGH, J., did not sit.

(Opinion published 54 N. W. Rep. 1112.)