## CHRIS ZOTALIS v. PETER CANNELLOS AND ANOTHER.[1]

October 26, 1917.

No. 20,467.

**Waiver of condition in lease — subsequent breach.**

1. By accepting rent after knowledge of a breach of the conditions of the lease, the lessor waives the right to re-enter for such breach, but does not waive the right to re-enter for a similar breach committed thereafter.

**Same — subletting.**

2. The lessor accepted rent with knowledge that a part of the building had been sublet; but the remainder of the building was sublet thereafter, and he is entitled to re-enter for this subsequent breach of the condition against subletting.

**Subletting — re-entry.**

3. Where the lease as originally prepared contained both a covenant against subletting and a condition authorizing the lessor to re-enter in case of a subletting, and the parties erased the covenant but left the condition, the condition remained in force.

**Gambling on premises.**

4. Shaking dice for cigars is gambling within the meaning of the provision in the lease which authorizes the lessor to terminate the same in case gambling is allowed upon the premises.

Action in the municipal court of Mankato for unlawful detainer of leased premises. The case was tried before Plymat, J., who made findings and dismissed the action. Plaintiff's motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*S. B. Wilson, Ivan Bowen* and *Leroy Bowen,* for appellant.

*C. E. Phillips* and *C. J. Laurisch,* for respondents.

[1]Reported in 164 N. W. 807.

TAYLOR, C.

In 1914, Swan A. Swanson leased a two story building in the city of Mankato to defendant Cannellos for a term of five years from October 1, 1914, for use as a pool-room and shoe shining parlor. In August, 1916, Swanson sold and conveyed the property together with all his rights under the lease to plaintiff. In November, 1916, plaintiff brought this action in the municipal court of the city of Mankato, under chapter 76 of the General Statutes of 1913, to recover possession of the premises for breach of conditions in the lease. The municipal court rendered judgment for defendants and plaintiff appealed therefrom.

Among other things the lease provides that: "If said leased premises shall be appropriated to or used for any other purpose or use than hereinbefore specified; or if any liquor, gambling or other immoral practices are allowed on said premises, or any damage or waste shall be made thereon; or if any part of said premises shall be underlet or this lease be assigned without the consent of said lessor on the back of this lease as above specified," then and in either of said cases the lessor or his agent is authorized to terminate the lease and to re-enter and take possession of the premises at any time after such breach without any previous notice of his intention so to do. Plaintiff contends that these conditions have been broken by using the second floor of the building as a rooming house and the basement as a tailor shop, by subletting the different floors of the building, and by permitting gambling therein.

After receiving his lease, Cannellos, with the knowledge and consent of Swanson, sublet the second floor of the building to a third party for use as a rooming house, and this floor has been used for that purpose by such third party ever since. Subsequently Cannellos sublet the basement for a tailor shop. Plaintiff purchased the property with knowledge of these facts, and thereafter accepted the rent for the building thereby recognizing the lease as still in force. The right to re-enter for these breaches of the conditions of the lease was waived.

On August 25, 1916, plaintiff notified Cannellos that he had purchased the building and to pay to him the rent accruing thereafter, and added to the notice: "I expect you to remain in possession and not to re-lease the building to any one else." On November 7, 1916, Cannellos leased the first floor of the building, being the part thereof used for a pool-room

and shoe shining stand, to defendant Perrizo. On November 11, 1916, plaintiff began this action. After the subletting to Perrizo, plaintiff did nothing either by accepting rent or otherwise to waive that breach of the conditions of the lease. The fact that similar prior breaches had been waived did not operate to waive this breach. Gluck v. Elkan, 36 Minn. 80, 30 N. W. 446. And Cannellos had no reason to expect that it would be waived as he had been given notice not to "re-lease."

In the lease are several covenants on the part of the lessee, and following these are the various conditions, for breach of which the lessor is entitled to re-enter. The lease as originally prepared contained a covenant that the lessee would not sublet the premises or any part thereof nor assign the lease without the written consent of the lessor. This covenant was stricken out by a line drawn through it; but the provision authorizing the lessor to terminate the lease and take possession of the premises in case any part thereof should be sublet was not stricken out. Defendants contend that the fact that the parties struck out the covenant gives rise to the inference that they intended to eliminate all restrictions upon the right to sublet but inadvertently omitted to strike out the condition, and that the condition should be disregarded for that reason. This identical question was considered and decided adversely to defendants in Pond v. Holbrook, 32 Minn. 291, 20 N. W. 232. See also Bauer v. Knoble, 51 Minn. 358, 53 N. W. 805.

At a cigar stand on the first floor of the building any person who desired to do so has been permitted to shake dice with the attendant for cigars. If the attendant lost, the winner received a cigar for nothing; if the attendant won, the loser received one cigar but paid for two. Cannellos engaged in this practice as long as he operated the place, and Perrizo has engaged in it from the time he took possession until the time of the trial. Plaintiff insists that this constitutes gambling within the condition contained in the lease. Defendants insist that it does not, and further insist that if it does plaintiff has waived the breach by accepting rent with knowledge of the fact. By accepting the rent, plaintiff doubtless waived prior breaches of this condition, but this is a continuing condition and such acceptance did not waive subsequent breaches thereof. Gluck v. Elkan, 36 Minn. 80, 30 N. W. 446; Douglas v. Herms, 53 Minn. 204, 54 N. W. 1112; 16 R. C. L. p. 1136, § 657.

The municipal court seems to have regarded shaking dice for cigars as too trivial to constitute gambling within the meaning of the condition. It has long been settled, however, that playing any game for cigars or drinks, or under an agreement that the loser should treat to cigars or drinks or other refreshments is gambling. State v. Wade, 43 Ark. 77, 51 Am. Rep. 560; State v. Maurer, 7 Iowa, 406; McDaniel v. Commonwealth, 6 Bush (69 Ky.) 326; Commonwealth v. Gourdier, 14 Gray, (Mass.) 390; Lord v. State, 16 N. H. 325, 41 Am. Dec. 729; Brown v. State, 49 N. J. Law, 61, 7 Atl. 340; Hitchins v. People, 39 N. Y. 454; Walker v. State, 2 Swan (32 Tenn.) 287; Humphreys v. State, 34 Tex. Crim. 434, 30 S. W. 1066. Gambling with cards, dice or any other device whatever is prohibited by statute; and any person who suffers gambling devices to be used for the purpose of gambling in any building owned, occupied or controlled by him is guilty of a criminal offense. G. S. 1913, §§ 8732, 8733. The violation of a condition in the lease cannot be said to be trivial, when the violation is of such a character that the lessor may be subjected to a criminal prosecution on account thereof.

The findings of fact are perhaps sufficient to support the judgment; but the facts hereinbefore stated are undisputed and so far as the findings of fact are inconsistent therewith they cannot be sustained.

Judgment reversed.