## THOMAS PEEBLES & COMPANY v. JOHN H. SHERMAN AND OTHERS.[1]

March 4, 1921.

No. 22,150.

**Waiver of right to terminate lease.**

1. By accepting rent accruing after a breach of the conditions of the lease, the landlord waives the right to terminate the lease for such breach, if it was known to him when he received the rent, but does not waive the right to terminate it if the breach was not then known to him.

**Retention by landlord of advance payment of rent.**

2. Where a lease is terminated for a default of the tenant after he has made an advance payment of rent, the landlord is entitled to retain such advance payment, although the lease was terminated before the beginning of that part of the term upon which such advance payment was to be applied.

**Voluntary prepayment of rent.**

3. Where a tenant voluntarily pays an instalment of rent before it is due, and the lease is thereafter terminated for his default before such instalment becomes due, he is not entitled to have it returned.

**Specific facts stated in memorandum control as against general finding.**

4. The facts stated in a memorandum made a part of the decision become a part of the findings, and specific facts so found control as against general findings which are merely conclusions drawn therefrom.

Action in the municipal court of Minneapolis for the restitution of certain premises. The case was tried before C. L. Smith, J., who made findings and ordered judgment in favor of defendants. From the judg-

[1]Reported in 181 N. W. 715.

ment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*Edwin S. Slater,* for appellant.

*Shearer, Byard & Trogner,* for respondents.

TAYLOR, C.

Plaintiff leased an apartment in an apartment building in the city of Minneapolis to defendant Sherman for a term beginning July 1, 1919, and ending August 31, 1920, at a specified rental payable monthly in advance. On May 7, 1920, plaintiff executed another lease to defendant Sherman for the same premises and on the same terms for a further period of one year to begin on September 1, 1920, and end on August 31, 1921. Both leases contained a provision against subletting, and a further provision authorizing plaintiff to re-enter for breach of the conditions of the lease, without such re-entry working a forfeiture of the rents to be paid. Prior to August 20, 1920, defendant Sherman sublet the premises to defendant Peterson. On that date he paid the rent for the month of September to plaintiff, who accepted it without knowledge of the subletting. On August 28 plaintiff learned of the sublease, and on August 30, 1920, began this action under the unlawful detainer statute to recover possession for breach of the condition against subletting. The court rendered judgment for defendants on the ground that plaintiff had waived the forfeiture of the lease by retaining the rent for the month of September. Plaintiff appeals. The evidence is not returned, and the only question presented is whether the findings sustain the judgment.

Where a lease is subject to forfeiture for condition broken, and the landlord, with knowledge thereof, accepts subsequently accruing rent, such acceptance operates as an election to continue the lease in force and as a waiver of the right to forfeit it. But the acceptance of such subsequently accruing rent waives only those rights of forfeiture then known to the landlord. It does not waive the right to terminate the lease for a prior breach of its conditions not known to him at the time he received the rent. 16 R. C. L. 1132, §§ 653, 654, 655; 18 Am. & Eng. Enc. (2d ed.) 385; Kenny v. Lun, 101 Minn. 253, 112 N. W. 220, 11 L.R.A.(N.S.) 831, 11 Ann. Cas. 60, and note at page 62.

Where a lease is terminated for a default of the tenant after he has

made "an advance payment of rent," the landlord is entitled to retain such advance payment, although the lease was terminated before the beginning of that part of the term upon which such advance payment was to be applied. Galbraith v. Wood, 124 Minn. 210, 144 N. W. 945, 50 L.R.A.(N.S.) 1034, Ann. Cas. 1915B, 609; Evans v. McClure, 108 Ark. 531, 158 S. W. 487; Forgotston v. Brafman, 84 N. Y. Supp. 237; Rockwell v. Eiler's Music House, 67 Wash. 478, 122 Pac. 12, 39 L.R.A.(N.S.) 894.

The above propositions are firmly established by the authorities. In the present case the lease was terminated by the lessor for breach of its conditions by the lessee. The fact that it was terminated on August 30 did not entitle the lessee to a return of the rent paid for the month of September. Galbraith v. Wood, supra. The fact that the September rent was not due when it was paid and had not become due when the lease was terminated did not entitle the lessee to recover it back, for he paid it voluntarily with full knowledge that he had broken the conditions of the lease by subletting the premises, and without informing the lessor of such subletting. One who makes a payment voluntarily cannot recover it back on the ground that he was under no legal obligation to make it. DeGraff v. County of Ramsey, 46 Minn. 319, 48 N. W. 1135; Joannin v. Ogilvie, 49 Minn. 564, 52 N. W. 217, 16 L.R.A. 376, 32 Am. St. 581; Scharffbillig v. Scharffbillig, 51 Minn. 349, 53 N. W. 713; Carson v. Cochran, 52 Minn. 67, 53 N. W. 1130; City of Chaska v. Hedman, 53 Minn. 525, 55 N. W. 737. This rule applies in case of voluntary payments intended to be on account of rent. I Tiffany, L. & T. 1097; Regan v. Baldwin, 126 Mass. 485, 30 Am. Rep. 689.

As plaintiff was entitled to retain the rent which had been voluntarily paid in advance, the failure to return it cannot be deemed a waiver of the right to terminate the lease.

Defendants contend that the judgment must stand because the only finding contained in the formal order is "That the facts as alleged in said action are not true, and that the defendant is not guilty as alleged therein, and that said plaintiff is not entitled to have restitution of the premises described in said complaint."

But in a memorandum attached to the order and made a part thereof, the court stated the reasons for its decision and the facts on which it was

based. The memorandum, having been made a part of the decision, the statement of facts therein became a part of the findings. From the memorandum it clearly appears that the general findings above quoted are merely inferences drawn from specific facts stated in the memorandum. In such cases the specific facts found by the court are controlling, and its conclusions, insofar as they are not consistent therewith, must give way. Wheeler v. Gorman, 80 Minn. 462, 83 N. W. 442; Lamberton v. Youmans, 84 Minn. 109, 86 N. W. 894; Hess v. Stockard, 99 Minn. 504, 109 N. W. 1113. Here the facts found show that the conclusions were erroneous and the judgment is reversed.