CENTRAL UNION TRUST COMPANY OF NEW YORK AND
OTHERS v. SAM BLANK.[1]

July 30, 1926.

No. 25,344.

**Receipt of rent by landlord not a waiver of his right to terminate lease for lessee's default in payment of taxes.**

1. The plaintiffs, the lessors in a ground lease, which provided for the quarterly payment of rent and in lieu of additional rent the payment of taxes prior to the time when they became delinquent or a penalty accrued, received rent after the taxes became delinquent and after the accrual of a penalty. The lease provided that the lessor at his election might end, determine and forfeit the lease and should have a right of re-entry 60 days after default in the payment of rent, or after a penalty had attached to taxes. At a time when the taxes were more than 60 days delinquent the plaintiffs gave notice of termination of the lease at the expiration of 30 days from service. The rent was not paid beyond the date fixed by the notice for the termination of the lease. It is *held* that the receipt of the rent was not a waiver of the right to terminate for the nonpayment of taxes and invoke their right of re-entry.

**Constitutionality of amendment to statute cannot be raised by defendant.**

2. The defendant is not concerned with the constitutionality of G. S. 1923, § 8187, providing the method of determining leases of greater length than 20 years, and allowing a redemption within six months, for he is not injured by the statute if constitutional.

[1]Reported in 210 N. W. 34.

Constitutional Law, 12 C. J. p. 760 n. 57; p. 762 n. 62; p. 763 n. 65.
Landlord and Tenant, 35 C. J. p. 1080 n. 91; p. 1081 n. 96 New; 36
C. J. p. 603 n. 8.

See notes in 11 L. R. A. (N. S.) 831; L. R. A. 1915A, 359; 16 R. C. L.
pp. 1132-1134; 3 R. C. L. Supp. p. 628; 4 R. C. L. Supp. p. 1098 5
R. C. L. Supp. p. 926.

Action in unlawful detainer in the municipal court of Minneapolis.
The case was tried before Fosseen, J., and a jury. There was judgment for plaintiffs. Defendant Sam Blank appealed. Affirmed.

*Schwartz & Halpern,* for appellant.

*Kingman, Cross, Morley & Cant,* for respondents.

DIBELL, J.

Action in unlawful detainer in the municipal court of Minneapolis. There was judgment for the plaintiff and the defendant Sam Blank appeals.

1. We assume that the defendant should have been allowed to prove the facts, as he claims them to be, under his plea of not guilty or, if not, that he should have been allowed to file an answer alleging them, and we shorten our opinion by treating such facts as proved.

The plaintiffs, as trustees under a deed of trust from John E. Andrus, are the owners of property in Minneapolis of which Andrus, as owner, made a 99-year ground lease, dated February 1, 1901, of which the defendant Sam Blank, by assignment in 1921, became the owner. The present rental is $3,400 a year, payable in quarterly instalments commencing on February 1, "and further and in lieu of additional rent" the lessee agrees to pay taxes and assessments. The habendum and reddendum clause is as follows:

"To Have And To Hold the said demised premises with the appurtenances unto the said party of the second part, its successors and assigns, from the first day of February, A. D. 1901, for and during and unto the end of the full term of ninety-nine (99) years thence next ensuing and fully to be completed and ended, yielding and paying therefor as rent unto the said party of the first part, the

yearly rent of Two Thousand seven hundred and sixty dollars ($2,760.00) in gold coin of the United States of the present standard of weight and fineness, in equal quarterly payments in advance, on the first days of the months of February, May, August and November in every year during the first twenty (20) years of said term, and further and in lieu of additional rent, paying all taxes and assessments of every kind and nature, which may be levied upon or assessed against every part of said leased premises during said term, by whatever authority or for whatever purpose. Such taxes and assessments to be paid in every instance before any penalty can accrue for nonpayment and before the same shall become delinquent. And in consideration of the premises, the said party of the second part, for itself, its successors and assigns, does hereby covenant and agree to and with the said party of the first part, his heirs, executors, administrators and assigns, that said party of the second part will, and its successors and assigns shall, at all times during the continuance of this lease, whether during aforesaid term or any further term, under or extension of this lease, pay the rents which may become payable under this lease, and all taxes and assessments which may be levied upon or assessed against the said leased premises, or any part of the same, promptly and as provided above."

The lease provided in reference to a default either in the payment of rent or taxes as follows:

"It is further agreed between the parties hereto, as one of the conditions upon which this lease is made, that if the said party of the second part, its successors or assigns, shall make default for the space of sixty (60) days in the payment of said rent, taxes or assessments, when any of the same become payable, or in the performance of any of the covenants or agreements on the part of the said party of the second part to be performed, then and from thenceforth this lease may, at the election of the first party, become ended and determined, and all rights of the said party of the second part, its successors and assigns, thereunder, shall, at the election of the first party, be forfeited and lapse as fully as if this lease had expired by lapse of time, * * * and the party of the first part, his * * *

executors * * * shall at once have all the right of re-entry * * * which they would have upon the expiration of this lease by lapse of time finally."

By statute, G. S. 1913, § 6807, in force when the lease was made, it was provided that where a lessor had a right of entry the bringing of an action for possession was equivalent to a demand for rent and a re-entry; but if before possession delivered the lessee paid the rent in arrears and costs of action and performed the other covenants of the lease he should be restored to possession and hold under the lease. An amendment of 1917, L. 1917, p. 634, c. 428, now embodied in G. S. 1923, § 8187, provided that if the lease was for more than 20 years re-entry could not be made into such land or such action commenced by the lessor unless, after default, he served upon the lessee, and lien creditors, a written notice that the lease would be terminated unless payments in default be made and the covenants in default be performed within 30 days after the service. It was a further provision of the amendment that the lessee, within 6 months after possession obtained, might pay the plaintiff, or bring into court the amount of rent in arrears with interest and the costs of action and perform the other covenants, and then be restored to possession and hold under the original lease.

For more than 60 days prior to October 5, 1925, taxes in a sum exceeding $6,500 had been delinquent and a penalty had attached. On that day the plaintiff gave Blank written notice that unless the taxes were paid within 30 days after service, the lease would end and determine. The plaintiff received the rent due to October 31, 1925. He accepted rent when the defendant was greatly in default in the payment of the 1922 and 1923 taxes, and when the whole $6,-500 was in default. The claim of the defendant is that the receipt of the rent was a recognition of the lease as an existing one and operated as a waiver of a right to terminate it for default in payment of taxes. Substantially this is his whole defense.

The general rule is well understood to be that the receipt of rent waives prior forfeitures known to the lessor. Gluck v. Elkan, 36 Minn. 80, 30 N. W. 446 (covenant to keep premises in condition);

Kenny v. Seu Si Lun, 101 Minn. 253, 112 N. W. 220, 11 L. R. A. (N. S.) 831, 11 Ann. Cas. 60 (nuisance through sale of opium); Zotalis v. Cannellos, 138 Minn. 179, 164 N. W. 807, L. R. A. 1918A, 1066 (covenant against subletting and use of premises for gambling); Thomas Peebles & Co. v. Sherman, 148 Minn. 282, 181 N. W. 715 (covenant against subletting). The rule applied in such cases is wholesome and just. If the lessor knows of breaches justifying a forfeiture, and chooses to take rent as if the lease continued, he as a matter of law waives a right to assert prior breaches as grounds of forfeiture.

The situation here is different. The covenant to pay taxes is a part of the consideration for the payment for the ground lease. It is not merely a covenant as to an incidental or collateral matter having to do with the character of the occupancy. It has been found convenient to measure the consideration of such a lease by rent *eo nomine* plus the undetermined amount of taxes, which the tenant pays, thus making the net return of the lessor definite. That the taxes were to be paid as part consideration for the use of the premises was understood by the parties, as it is understood in ground leases generally, and here was expressed by stating that they were to be paid "in lieu of additional rent." There was a covenant, or covenants, to do two different things, both of which entered into the consideration for the use and occupation of the land, and for a failure to perform either there was a provision for forfeiture and a remedy by re-entry. There might be a default in one when there was no default in the other. The lessor might have cause to complain of a failure to perform one and no cause to complain of a failure to perform the other. If the lessor was bound to refrain from exercising the provision for a forfeiture upon one ground, nonpayment of taxes for instance, because he accepted rent, he would be in the position of foregoing the rent or surrendering one right under the contract.

We see no good reason for holding that the receipt of rent to which the lessor is entitled prevents his insisting upon a right of forfeiture for so substantial a portion of the real consideration for the

use of the property as taxes impressed upon the property as a lien. He should have his remedy for each. We cite, not as precisely meeting the facts of the case, but as of value in the analysis of their effect and the determination of the law applicable: Lindeke v. Associates Realty Co. 77 C. C. A. 56, 146 F. 630; Big Six Dev. Co. v. Mitchell, 70 C. C. A. 569, 138 F. 279, 1 L. R. A. (N. S.) 332; Kahn v. American Ins. Co. 137 Minn. 16, 162 N. W. 685; Pappas v. Stark, 123 Minn. 81, 142 N. W. 1046; Fraser's M. D. P. Co. v. Ocean Park P. Co. 185 Cal. 464, 197 Pac. 328, 198 Pac. 212.

The waiver, when applied, comes as a matter of law and not as a fact found by the jury. And it is the general holding, and the doctrine of this court, that by merely allowing the defendant to be in default, extending indulgence to him, the lessor does not lose his right to regain possession. Douglas v. Herms, 53 Minn. 204, 54 N. W. 1112; O'Connor v. Timmermann, 85 Neb. 422, 123 N. W. 443, 24 L. R. A. (N. S.) 1063, 133 Am. St. 668; Drips v. Moore, 179 Cal. 249, 176 Pac. 159; Towle v. Pullen, 151 C. C. A. 183, 238 F. 107.

In any view we are able to take of the defendant's case it is barren of merit. Apparently often delinquent in his rent he in addition allowed more than $6,500 to accumulate for the first half of the 1922 taxes and all of the 1923 taxes, which bore a statutory interest rate of 12 per cent, and now asks to be reinstated in his former lease without their payment because the plaintiff has accepted, or perhaps enforced, the payment of the rent to which he was entitled. He does not propose to abide by his contract, and enjoy the lease, but to default in his covenants and still enjoy it. For all that now appears, if he has protected himself by bond, he may pay what he should have paid years ago in the fulfilment of his contract and be reinstated in his lease. The law deals generously with him. It does not oppress him nor do the plaintiffs.

2. Lastly, the defendant urges that the portion of G. S. 1923, § 8187, which came into the statute by the amendment of 1917, is unconstitutional as providing a right of redemption when none was provided when the lease was made and so impairing the lease contract. He cites Goenen v. Schroeder, 8 Minn. 344 (387), and E. J. Lander & Co. v. Deemy, 46 N. D. 273, 176 N. W. 922. We do not

discuss the question. It is left for consideration when a litigant, injured if the act is unconstitutional, invokes its unconstitutionality. The statute is designedly favorable to the lessee, giving a right of redemption where there was none before, a right which is not given by statute even in the case of the foreclosure of a land contract, to which the statute under consideration, aside from the right of redemption, may be likened, and treated as something like a statutory foreclosure or forfeiture by the lessor. See Lilienthal v. Tordoff, 154 Minn. 225, 230, 191 N. W. 823, 194 N. W. 722; Nolan v. Greeley, 150 Minn. 441, 185 N. W. 647; International R. & S. Corp. v. Vanderpoel, 127 Minn. 89, 92, 148 N. W. 895. It is elementary that a litigant cannot invoke the unconstitutionality of an act which in no way injures him. Heald v. District of Columbia, 259 U. S. 114, 123, 42 Sup. Ct. 434, 66 L. ed. 852; Hendrick v. Maryland, 235 U. S. 610, 621, 35 Sup. Ct. 140, 59 L. ed. 385; Plymouth Coal Co. v. Pennsylvania, 232 U. S. 531, 34 Sup. Ct. 359, 58 L. ed. 713; State v. Hoffman, 159 Minn. 401, 403, 199 N. W. 175. If anyone should urge unconstitutionality it is the plaintiffs, and they do not. Their theory throughout the trial was that the defendant had a six months' redemption.

Judgment affirmed.