PRIORDALE MALL INVESTORS, Appellant,

v.

Donald FARRINGTON, individually and d.b.a. Cottage Cleaners and Laundry, et al., Respondents.

No. C1-87-225.

Court of Appeals of Minnesota.

Sept. 8, 1987.

David J. Meyers, Bremmer, Workinger & Thompson, P.A., Minneapolis, for appellant.

Dennis E. Dalen, Gregory L. Rothnem, Olson, Usset, Rothnem & Weingarden, Minneapolis, for respondents.

Heard, considered, and decided by NIERENGARTEN, P.J., and FOLEY and RANDALL, JJ.

## OPINION

FOLEY, Judge.

Priordale Mall Investors (Priordale) appeals from a judgment dismissing its unlawful detainer action against respondents Donald Farrington, individually and d.b.a. Cottage Cleaners and Laundry (Farrington). On appeal, Priordale contends that the trial court erred in determining that its acceptance of rent constituted a waiver of past lease violations. We affirm.

## FACTS

Priordale is a limited partnership which owns Priordale Mall (the Mall), a shopping center in Scott County. Through a series of assignments and subleases, Farrington became one of Priordale's tenants in 1979 when he subleased, with option to buy, a laundromat and small dry cleaning business located in the Mall. Farrington eventually purchased the business in early 1980.

In the fall of 1980, Farrington and his partner purchased a second dry cleaning business in Laker Center, a shopping center located less than one mile away from the Mall.

Under the terms of his lease with Priordale, Farrington pays a base rent of $500 and an additional percentage rent based on its gross sales. The lease requires Farrington to submit annual certified financial statements and prohibits him from operating a similar business within five miles of the Mall. The lease further requires Farrington to pay dues and remain in good standing in the Mall's merchants association.

In June 1985, Priordale commenced its first unlawful detainer action against Farrington. After several months, negotiations were apparently abandoned and this first action was dismissed because it was not heard within 14 days of service of the summons and complaint as required by Minn.Stat. § 566.05 (1984).

On December 5, 1985, Priordale commenced the present unlawful detainer action. An answer was filed asserting general denials and several affirmative defenses, including waiver.

On December 13, this action was dismissed because the trial court concluded that Minn.Stat. § 566.04 prohibits institution of an unlawful detainer action if a tenant has been in possession of leased premises for three years. Appeal was taken from the judgment of dismissal, and in a decision filed July 22, 1986, this court reversed and remanded the matter for trial. *See Priordale Mall Investors v. Farrington,* 390 N.W.2d 412 (Minn.Ct.App.1986), *pet. for rev. denied,* (Minn. Sept. 24, 1986).

A few weeks before trial, Farrington's lease terminated at the Laker Center store and his operations there ceased.

On the day of trial, Farrington tendered two checks to Priordale in payment of all past due rent under his lease. Priordale accepted payment and admitted that Farrington then became current in his rent.

At trial, Priordale sought to prove lease violations based on Farrington's operation

of the Laker Center store, on Farrington's alleged failure to submit a certified financial statement for 1985, and on Farrington's alleged failure to pay merchants association dues.

It is undisputed that Farrington breached the lease by operating the Laker Center store, which was located within five miles of the Mall. It is also undisputed that his operation of the Laker Center store ceased a few weeks prior to trial.

The evidence further established that Farrington submitted a letter dated July 22, 1986 from a certified public accountant purporting to be a "recap of sales" based on his bank deposit slips. After receiving this document, Priordale conducted its own audit of Farrington's books, a remedy provided by the lease. Although Priordale claimed at trial that the audit was inconclusive because Farrington's records were deficient, it nonetheless admitted that it had accepted from him an additional amount which the audit had concluded was owed in percentage rent for the 1985 fiscal year.

As to Priordale's final claim that Farrington had failed to pay merchants association dues, the evidence merely established that Farrington had received statements from the association indicating that he was in arrears. Farrington claimed, however, that the association bylaws are unclear as to when payment is due. No evidence was presented to show that Farrington was not a member in good standing of the association as required by the lease.

The trial court found that Farrington "has substantially complied with its duty to provide a statement of gross sales" and that Farrington "is a member of the Priordale Mall Merchant's [Association] and there has been no showing that he is not in good standing in spite of a rather poor performance of the payment of dues." The court further found that because Priordale had accepted rents with full knowledge of Farrington's deficiencies, it waived the right to assert past breaches of the lease. Judgment dismissing the action was entered.

**1.** We note that this is not an action for nonpayment of rent and that Minn.Stat. § 504.02

This appeal followed denial of Priordale's motion for amended findings.

## ISSUE

Did the trial court err in dismissing this unlawful detainer action based on its conclusion that Priordale's acceptance of rent constituted a waiver of its right to assert past defaults of the lease?

## ANALYSIS

■ An unlawful detainer action lies where a tenant is holding over "contrary to the conditions or covenants of the lease." Minn.Stat. § 566.03, subd. 1 (1984).[1] Waiver may be asserted as an affirmative defense to such an action. The general rule is that a landlord's subsequent acceptance of rent acts to waive his or her right to rely on any prior alleged breaches of the lease known at that time as a basis for the unlawful detainer action. *Parkin v. Fitzgerald,* 307 Minn. 423, 431, 240 N.W.2d 828, 833 (1976); *Thomas Peebles & Co. v. Sherman,* 148 Minn. 282, 283, 181 N.W. 715, 716 (1921); *Zotalis v. Cannellos,* 138 Minn. 179, 181, 164 N.W. 807, 808 (1917); *Kenny v. Seu Si Lun,* 101 Minn. 253, 257, 112 N.W. 220, 221 (1907). Acceptance of rent operates as an election by the lessor to continue the lease. Subsequent lease violations, however, are not waived and a lessor may bring an unlawful detainer action based on continuing breaches. *Gluck v. Elkan,* 36 Minn. 80, 81, 30 N.W. 446, 446 (1886).

Article 26 of the lease in this case contemplates the possibility of waiver by acceptance of rent, and states in pertinent part:

> *Waiver by Lessor of any breach* of the terms of this Lease, *by acceptance of rent or otherwise,* and with or without knowledge of such breach, shall not constitute a waiver of a subsequent breach by Lessee in the terms and conditions hereof, either similar to or different from such previous breach by Lessee.

(Emphasis added.)

On appeal Priordale argues article 26 means that once waiver has been found,

(1984) (tenant's right of redemption) does not apply.

"waiver" shall not waive a subsequent breach of the lease. Under Priordale's reading of article 26, acceptance of rent alone would not constitute waiver absent a showing of some intent on the part of a landlord. We agree, but note that such intent need not be express and may be implied from a landlord's actions.

■ In this case, Priordale accepted rent even though it knew of Farrington's prior breaches and even though it knew that one of Farrington's defenses to the unlawful detainer action was waiver.[2] From this, the trial court could easily find that Priordale had waived its right to assert entitlement to restitution based on Farrington's prior lease violations.

As the trial court further notes in its memorandum, an "exception to the general rule occurs when there is an express clause in the lease which states that acceptance of rent does not consitute a waiver of the existing or any preceding breach." *See also Minneapolis Community Development Agency v. Powell*, 352 N.W.2d 532 (Minn.Ct.App.1984). The lease in this case does not contain a clause protecting Priordale from waiver of *past* breaches by acceptance of rent. Although *Powell* went further and declared that even absent such a clause "the landlord's conduct after the notice of termination of tenancy has been given must manifest some intent to waive notice", the record here shows that Priordale accepted rent knowing of the past breaches and knowing of Farrington's intent to assert waiver. *Id.* at 534.

■ Another exception to the general rule appears to exist when the unlawful detainer action is based on a violation of a lease provision which is part of the consideration and not "merely a covenant as to an incidental or collateral matter having to do with the character of the occupancy." *Central Union Trust Co. of New York v. Blank*, 168 Minn. 312, 316, 210 N.W. 34, 36 (1926). In *Central Union*, the supreme court held that receipt of rent was not a waiver of the right to terminate for non-

payment of taxes, which the lease expressly stated was to be paid "in lieu of additional rent." *Id.* In this case, the lease provisions allegedly breached do not expressly relate to the real consideration for the lease.

Finally, Priordale insists that this action has lasted almost two years and that it would be unfair to require it to forego rent during that time. We note, however, that Priordale could easily have refused to accept rent and requested that rent be paid into court while the case was pending. *See Fritz v. Warthen*, 298 Minn. 54, 61–62, 213 N.W.2d 339, 343 (1973).

### DECISION

Affirmed.

---

2. During trial, Priordale's attorney stipulated that he had been informed on the day prior to trial that Farrington intended to argue waiver.