## W. P. HUMPHREYS V. THE STATE.

### *No. 671.   Decided May 8.*

1. **Gaming in House Not a Private Residence—Evidence.**—Where, on a trial for permitting betting on dominoes played in a house under his control, said house not being a private residence, the court rejected evidence that appellant had established a rule prohibiting betting on dominoes at his house, *Held*, the evidence was properly rejected, as it could not have constituted a defense to this action under evidence adduced.

2. **Same—Betting.**—It is not necessary that money be bet on such games to constitute a violation of the law. Betting anything of value is a betting. The statute does not require that money be bet.

3. **Charge—Defining Words.**—Where a word used in a statute constituting the offense is one generally and commonly used, and familiar and easily understood, it is not necessary for the court to define same in the charge.

APPEAL from the County Court of Runnels. Tried below before Hon. C. H. WILLINGHAM.

Appellant was indicted for permitting betting on dominoes played in a house under his control, said house not being a private residence. He was convicted, and his punishment assessed at a fine of $25.

The facts are stated in the opinion.

*J. W. Powell* and *Crosson & Spencer*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of permitting betting on dominoes played in a house under his control, said house not being a private residence. The house where the games were played was the defendant's confectionery establishment, and in which he sold ice cream, soda water, other soda drinks, milk shakes, and cigars. It was a public house, as shown by the evidence. The games were played during business hours of the day, and at night, when the house was open, and this continued for months. The players, among whom was the defendant, staked on said games cigars and other things sold in said house by defendant. The loser paid for such things as were called for by those engaged in the game. These things were furnished by the defendant from his stock. He himself lost and won in many of the games. He was fully cognizant of all these matters, and often "took a hand." This was clearly a betting on games played. Bachellor v. The State, 10 Texas, 258; Tuttle v. The State, 1 Texas. Crim. App., 365; Vanwey v. The State, 41 Texas, 639. Under this state of case, it was not error for the court to reject evidence that appellant had established a rule prohibiting betting on dominoes in his house. This evidence could have constituted no defense to this action, under the evidence adduced. A case may arise where such testimony would be admissible, but not where the owner of the house not only know-

ingly permitted the gaming, but where he himself continually engaged in breaking his "established rule." Nor was it error to reject the opinion of the witnesses, that such wagers did not constitute betting. It is not necessary that money be bet on such games, to constitute a violation of the law. Betting drinks, cigars, or anything of value, is a betting. Same authorities. The statute does not require that money should be bet.

The court did not err in refusing special instruction asked by appellant defining the word "permit" used in the statute. It has no signification attached to it other than is usually and commonly understood, and it is easily comprehended by every one who is at all familiar with the English language. It would hardly be possible to find a juror, under our system of selecting jurors, who would not at once fully understand the ordinary meaning of the word.

Nor was it error to refuse the special charge directing an acquittal if the jury should believe appellant did not keep a table and dominoes specially for gaming purposes. He was charged with permitting gaming on dominoes in his house. The evidence is undisputed that the playing was done as charged; that appellant often bet on the games himself; that he was present, and witnessed many games in which he did not participate; and that he furnished the drinks, ice cream, and cigars to the players, and received pay from the loser in such games.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.