Mahoney v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-036-CR

     WALLY MICHAEL MAHONEY,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Court
Ellis County, Texas
Trial Court # 92-10699-CR
                                                                                                    

O P I N I O N
                                                                                                    

      Wally Michael Mahoney appeals his conviction for driving while intoxicated. In a single
point of error, he argues that the trial court erred by denying his request to instruct the jury on the
definition of "operating a motor vehicle," a phrase contained within the DWI statute.
      On February 29, 1992, Mahoney and a friend were sitting in a black Nissan parked on Cole
Road in the Red Oaks area of Ellis county. While patrolling the area state troopers Chris
Mashburn and Roger Kucera spotted the car parked in the middle of the roadway without its lights
on and pulled up behind it to investigate. According to the troopers, as they approached the car,
its lights came on and it was driven for less than a quarter of a mile before stopping again. 
Mashburn then walked up to the car on the driver's side and asked Mahoney, who was behind the
wheel, for his driver's license. Mashburn then asked Mahoney to get out of the car and performed
some field sobriety tests on him. After deciding that Mahoney appeared to be intoxicated,
Mashburn placed him under arrest.
      The defense disputes this story. Tammy Scarborough, the passenger in Mahoney's car,
testified that she had been driving the car that evening, and that she and Mahoney had pulled over
to make a call on Mahoney's car phone. She said that she could not get the car back in gear. 
Therefore, she and Mahoney traded seats so he could try to get the car to work. Scarborough
testified that this is when the troopers pulled up, and that Mahoney never moved the car forward. 
Both officers, however, testified that they observed the car move forward and that Mahoney was
behind the wheel when it came to a stop again.
      Mahoney requested that the court include in the jury charge a definition of the word
"operation" and an instruction on "operating a motor vehicle." The court denied the motion. In
his sole point of error, Mahoney argues that the court erred in denying the requested definition
and instruction, because the question of whether he actually operated the car was central to his
defense.
       Courts apply a two-part test to determine whether a requested definition is required. First,
it is not error for a court to refuse to define words used in a statute when they are used in their
ordinary sense and are easily comprehended by everyone. Russell v. State, 665 S.W.2d 771, 781
(Tex. Crim. App. 1983), cert. denied, 465 U.S. 1073, 104 S.Ct. 1428, 79 L.Ed.2d 752 (1984). 
Second, when there is no statutory definition of a term, the question of a trial court's obligation
to define the term depends on whether the words have such a common and ordinary meaning that
the jurors can be fairly presumed to know and apply such meaning. Phillips v. State, 597 S.W.2d
929, 937 (Tex. Crim. App. 1980).  
      "[O]perating a motor vehicle" is not defined in the statute and is used in its ordinary sense. 
The words have such a common and ordinary meaning that the jurors can be presumed to know
what they mean and how to use them. See Capps v. State, 352 S.W.2d 833, 835 (Tex. Crim.
App. 1962). Mahoney, therefore, is not entitled to a definition of the phrase. We overrule the
point of error.
      We affirm the trial court's judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed November 17, 1993
Do not publish