In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00071-CV


______________________________




JAMES RAY BLAKE, Appellant



V.



JESSE L. NICKERSON, III, Appellee




 


On Appeal from the Sixth Judicial District Court


 Lamar County, Texas


Trial Court No. 76072




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Can an individual recover from his former criminal trial attorney for alleged legal malpractice
occurring some sixteen years after the trial court had severed the attorney-client relationship and 
appointed a different attorney to assist in post-conviction matters? The trial court answered the
question with a resounding "no" in granting the attorney a summary judgment. We agree.

 James Ray Blake sued his former criminal defense counsel, Jesse L. Nickerson, for legal
malpractice and sought $3,000,000.00 in damages (exclusive of costs). In the late 1970s, Nickerson
was appointed Blake's trial counsel in State v. Blake, cause number 7816, in the Sixth Judicial
District Court, in Lamar County, Texas, wherein Blake was found guilty of burglary of a habitation
(with intent to rape) and sentenced to life imprisonment. See Blake v. State, 622 S.W.2d 135 (Tex.
Crim. App. 1981) (summarily affirming Blake's conviction for burglary of habitation). The jury
apparently returned the adverse verdict in early 1978. The record before us in this malpractice suit
shows that, at about the same time, the trial court relieved Nickerson as Blake's attorney and
appointed new counsel to represent Blake on appeal. 

 In September 2005, Blake filed an application for post-conviction DNA testing. See Tex.
Code Crim. Proc. Ann. art. 64.01, et. seq. (Vernon 2006). That motion was denied by the trial
court on the basis that all evidence related to Blake's conviction had been destroyed in 1994. We
subsequently affirmed that denial. See Blake v. State, 208 S.W.3d 693 (Tex. App.--Texarkana 2006,
no pet.). 

 Blake's current lawsuit, filed in March 2007, asserts Nickerson committed legal malpractice
in 1994 by failing to inform Blake of the State's intent to destroy any potential DNA evidence related
to Blake's underlying criminal conviction. Nickerson entered an appearance and filed a general
denial to Blake's accusations. Thereafter, Nickerson moved for summary judgment on the basis that
Nickerson's attorney-client relationship with Blake was severed by a specific trial court order in
February 1978. Nickerson additionally alleged the statute of limitations had long ago expired on any
potential claim by Blake. The trial court granted summary judgment in Nickerson's favor. Blake
now appeals that judgment.

 Blake contends on appeal that the trial court erred by awarding summary judgment to
Nickerson. We review a trial court's award of summary judgment under a de novo standard of
review. Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). "When
reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we
indulge every reasonable inference and resolve any doubts in the nonmovant's favor." Id. (citing Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); Sci. Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997)). Our rules of civil procedure require the moving party to demonstrate
that no genuine issue of material fact exists and that the moving party is entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c); Knott, 128 S.W.3d at 215-16.

 The entire record before the trial court at the time it awarded summary judgment included
three things: (1) Blake's pleadings, (2) Nickerson's pleadings, and (3) Nickerson's affidavit regarding
the severance of his professional relationship with Blake in 1978 after the trial court appointed
replacement counsel to represent Blake in post-conviction matters. Blake submitted no evidence in
support of his opposition to Nickerson's motion for summary judgment.

 Currently, Article 38.43 of the Texas Code of Criminal Procedure requires the State to
preserve certain evidence known to contain biological material that, if subjected to scientific testing,
might confirm or exclude the identity of the person suspected of committing a crime. Tex. Code
Crim. Proc. Ann. art. 38.43 (Vernon Supp. 2007). A search of this statute's legislative history
reveals that it was previously located in Article 38.39 and that the law was first effective in 2001. 
See Act of Mar. 22, 2001, 77th Leg., R.S., ch. 2, § 1 (amended 2005) (current version at Tex. Code
Crim. Proc. Ann. art. 38.43). Under the current version of this law, the State may not destroy such
evidence unless it first "notifies the defendant, the last attorney of record for the defendant, and the
convicting court of the decision to destroy the evidence and a written objection is not received by
the attorney, clerk, or officer from the defendant, attorney of record, or court before the 91st day
after" the date on which the State's representative receives proof of that notice's receipt. Tex. Code
Crim. Proc. Ann. art. 38.43.

 But, we emphasize, this law did not exist before 2001. Thus, in 1994, when the State
destroyed the evidence in question, the State had no obligation to provide Blake, his former trial
counsel, or his appellate counsel with advance notice of any plan to destroy evidence relating to a
case for which Blake had been convicted some sixteen years earlier. In the absence of any statutory
duty of the State to warn anyone of the State's intent to destroy evidence in 1994, the trial court could
have had no basis to speculate, in the absence of any summary-judgment evidence to the contrary,
that any advance notice regarding the plan to destroy evidence was given to Nickerson, who had also
been relieved of his duties some sixteen years earlier. Blake brought forth no summary-judgment
evidence that Nickerson had actual or constructive notice of the planned destruction of evidence.

 We find no authority, and have been provided none, suggesting that there was any duty by
Nickerson to notify Blake in 1994. Not even our rules of professional conduct would suggest that
Nickerson had a duty to warn Blake about post-conviction matters long after their attorney-client
relationship had expired. See, e.g., Tex. Disciplinary R. Prof'l Conduct 1.03, reprinted in Tex.
Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9) (duty to
keep client reasonably informed about status of matter). Additionally, our rules of professional
conduct expressly state that a lawyer's representation of a client ends when the lawyer is discharged,
with or without good cause. Tex. Disciplinary R. Prof'l Conduct 1.15(a), reprinted in Tex.
Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 2005).

 The only evidence before the trial court at the time it granted Nickerson's motion for
summary judgment indisputably indicated the trial court terminated Nickerson's representation of
Blake in February 1978. Stated differently, Nickerson was off the case. Nickerson had no duty to
represent Blake's interest after the severance of their relationship in 1978. Blake cannot return nearly
thirty years later and unilaterally change the trial court's order appointing different post-conviction
counsel so that Blake can then sue his trial attorney for some claimed malpractice that allegedly
occurred long after his trial attorney was dismissed from the case.

 The trial court's summary judgment must be affirmed for another independent reason--
Nickerson's limitations defense. The evidence destruction in 1994 came some thirteen years before
Blake's suit against Nickerson. The statute of limitations on such a claim expired long ago. One
might suggest that Blake could not have discovered the destruction until his 2005 motion for DNA
testing. But Blake did not plead the discovery rule in this case. A motion for summary judgment
based on limitations is not required to negate the discovery rule unless the claimant pleads the
discovery rule. Via Net v. TIG Ins. Co., 211 S.W.3d 310, 313 (Tex. 2006); see In re Estate of
Matejek, 960 S.W.2d 650, 651 (Tex. 1997) (per curiam); Woods v. William Mercer, Inc., 769 S.W.2d
515, 517-18 (Tex. 1988). Blake's claim was barred by limitations.

 The evidence before the trial court, when viewed under a de novo standard in the light most
favorable to Blake, reveals that the trial court properly granted Nickerson's summary judgment
motion. We overrule Blake's contentions to the contrary. (1)






 We affirm the trial court's judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: October 22, 2007

Date Decided: December 7, 2007


1. In a separate point of error, Blake contends the trial court erred by failing to provide him
with notice in 1994 of the State's intent to destroy evidence related to the underlying criminal
conviction. Because this point of error has no relevance to the trial court's decision in this case
against Nickerson, we overrule this point of error as well.


cked="false" Priority="60" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light Shading Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00071-CR

                                                ______________________________

 

 

                                     SCOTT ALAN KIRSCH,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                            On Appeal from the County Court at Law

                                                           Harrison County, Texas

                                                         Trial Court
No. 2008-0684

 

                                                             
                                     

 

 

 

                                           Before Morriss, C.J.,
Carter and Miller,* JJ.

                                              Memorandum Opinion by Justice Miller

 

 

______________________________

*John F. Miller, Jr.,
Sitting by Assignment








                                                      MEMORANDUM OPINION

 

            Scott Alan Kirsch
was found in the middle of the road on top of his motorcycle, intoxicated.  He was convicted of his second driving while
intoxicated (DWI) offense and was sentenced to serve 365 days in the Harrison
County Jail.  On appeal, Kirsch
challenges the legal and factual sufficiency of the evidence leading to the
finding that he was operating the motorcycle. 
According to Kirsch, the motorcycle was not running and there was no
evidence Kirsch did anything other than unsuccessfully kick start his motorcycle.  He further complains that the trial court
erred in defining the term operate in the jury charge because it is a common
term and because the definition to exert personal effort to
cause the vehicle to function improperly commented on the weight of the
evidence.  We affirm the trial courts
judgment. 

I.         Statement of Facts 

 

            Julie
Richards was driving home and encountered Kirsch at an intersection in the
middle of the road.  There were no
businesses or houses in sight of the intersection.  Kirsch was wearing a helmet[1]
and was sitting on top of his motorcycle waiting to either make a turn or go
straight.   Richards testified:

The
gentleman was straddling the motorcycle, had his hands on the handle bars and
was just sitting there . . . . At some point, he started tilting to the left,
and he didnt fall hard.  He just leaned
over until he fell completely to the ground, one leg under the motorcycle, one
over it still straddling it.

 

Richards
presumed he was going to get up and he did not.  After Kirsch refused her assistance, Richards
called the Harrison County Sheriffs Department and reported her observations. 

            Officer
Kevin Johnson, who was located less than two miles from the intersection,
responded to the call.  He observed
Kirsch sitting on top of his silver motorcycle on Country Club Road at the
stop sign to Loop 281 trying to kick-start the motorcycle.  Kirsch had difficulty following directions,
and a video recording depicting Kirschs extremely slow and slurred speech,
struggle in taking his drivers license out of his wallet, and lack of balance
was played for the jury.  The video also
shows Kirsch using keys to unlock a compartment under the motorcycle seat,
implying that he had keys to the ignition. 
After Kirsch admitted to ingesting several Xanax, Johnson concluded he was
not capable of operating that motorcycle. 
Johnson believed Kirsch was intoxicated due to his medication or
alcohol.  He generously described Kirsch
as smart-mouthed and very uncooperative. 


            Officer Bill Turner conducted
further investigation of the loud and borderline abusive Kirsch, noting he
had a little bit of difficulty with his coordination and emanated a fairly
strong smell of alcohol.  After
confirming his suspicion that Kirsch was intoxicated by securing an admission
that he had been drinking, Turner arrested him for DWI.[2]  The arrest for DWI instead of for public
intoxication was due to Turners belief that there was no other wayreasonable
way for me to deduct that that motorcycle had gotten to that location.  An inventory of Kirschs backpack recovered
an open Miller High Life beer and several prescription medications, including
Xanax and Flexeril.  He had recently
filled a thirty-pill Xanax prescription on March 14, 2008, but only had
eighteen or nineteen pills left on the day of his arrest on March 21,
2008.  

II.       Sufficient Evidence Supports Kirschs
Conviction of DWI

 

            With Judge Cochran joining the
lead opinion, authoring a concurring opinion and Judge Womack concurring with
the lead opinion and joining the concurrence, in Brooks v. State, No. PD-0210-09, 2010 WL 3894613, at **1, 14 (Tex.
Crim. App. Oct. 6, 2010) (4-1-4 decision), a plurality of the Texas Court of
Criminal Appeals abolished the factual sufficiency review established by Clewis v. State, 922 S.W.2d 126 (Tex.
Crim. App. 1996), and its progeny.  The
plurality and Judge Womack agreed that the Jackson
v. Virginia legal-sufficiency standard is the only standard that a
reviewing court should apply in determining whether the evidence is sufficient
to support each element of a criminal offense that the State is required to
prove beyond a reasonable doubt.  Brooks, 2010 WL 3894613, at **1,
14.  Since the Texas Court of Criminal
Appeals has abolished factual sufficiency review, we need not address Kirschs
challenge to the factual sufficiency of the evidence.

            In
evaluating Kirschs challenge to legal sufficiency of the evidence supporting
his DWI conviction, we review the evidence, both properly and improperly
admitted, in the light most favorable to the jurys verdict to determine
whether any rational jury could have found the essential elements of DWI beyond
a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003); Hartsfield v. State, 305 S.W.3d 859, 863
(Tex. App.Texarkana 2010, pet. refd) (citing Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).  Based on the Brooks pluralitys description of the new application of legal
sufficiency review under Jackson as rigorous
and its statement that the use by reviewing courts of the factual sufficiency
standard in tandem with the legal sufficiency standard may have skewed its
proper application, it appears that the court is attempting to refocus the
application of the legal sufficiency standard from the quantity to the quality
of the evidence presented.  Brooks, 2010 WL 3894613, at *14.  We examine legal sufficiency under the
direction of the Brooks opinion,
while giving deference to the responsibility of the jury to fairly resolve
conflicts in testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts. 
Hooper v. State, 214 S.W.3d 9,
13 (Tex. Crim. App. 2007) (citing Jackson,
443 U.S. at 31819).  

            The
sufficiency of the evidence is measured by the elements of the offense as
defined by a hypothetically-correct jury charge.  Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); see also Vega v. State,
267 S.W.3d 912, 916 (Tex. Crim. App. 2008). 
Under a hypothetically- correct jury charge, Kirsch committed the
offense of DWI if (1) he, (2) operated, (3) a motor vehicle, (4) in a public
place, (5) while intoxicated.  Tex. Penal Code Ann. § 49.04 (Vernon
2003).  Kirsch admits that he was
intoxicated in a public place and that a motorcycle is a motor vehicle.  His only challenge on appeal questions
whether he was operating the motorcycle. 


            While there
is no statutory definition of the term operate, the Texas Court of Criminal
Appeals determined that a person operates a vehicle when the totality of the
circumstances must demonstrate that the defendant took action to affect the
functioning of his vehicle in a manner that would enable the vehicles use.   Denton
v. State, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995) (citing Barton v. State, 882 S.W.2d 456, 460 (Tex.
App.Dallas 1994, no pet.)); Dornbusch v.
State, 262 S.W.3d 432, 436 (Tex. App.Fort Worth 2008, no pet.).  In Denton,
the court held while driving does involve operation, operation does not
necessarily involve driving.  Denton, 911 S.W.2d at 389.  Under the Denton
standard, operating a motor vehicle is interpreted very broadly.  Dornbusch,
262 S.W.3d at 436.  Because operating a
motor vehicle is defined so broadly, any action that is more than mere
preparation toward operating the vehicle would necessarily be an action to
affect the functioning of [a] vehicle in a manner that would enable the vehicles
use.  Id.  

            It is true
that no witness saw the motorcycle running.[3]  Yet, Kirsch was found in the middle of the
road at an intersection sitting on top of his motorcycle, which he was
attempting to balance.  He was wearing a
helmet and had keys in hand.  Officer
Johnson testified that Kirsch attempted to kick-start the motorcycle.  Using the broad definition of  operate, a jury could have determined Kirsch
took action in a manner that would enable the motorcycles use.  

            Moreover,
the jury was not constrained from looking at circumstantial evidence, which
alone can be sufficient to establish guilt.  Hooper,
214 S.W.3d at 13.  There were no
businesses or houses near the intersection, and Kirsch was in a driving lane of
a public highway.  The jury was free to
draw reasonable inferences from the totality of these facts that Kirsch had
driven the motorcycle to that place, and thus had operated the motorcycle while
intoxicated.  See Barton, 882 S.W.2d at 458; Reynolds
v. State, 744 S.W.2d 156, 15859 (Tex. App.Amarillo 1987, pet. refd) (evidence
sufficient where driver was found alone, with feet on the floorboard of the
drivers seat of a car that was half in a ditch and half on the road).[4]  

            Based upon
the totality of the circumstances, we find the evidence legally sufficient to
demonstrate Kirsch took action to affect the functioning of his vehicle in a
manner that would enable the vehicles use.  Denton,
911 S.W.2d at 390. 

III.     Inclusion
of Operate in the Jury Charge Was Not Error

 

            Kirschs
counsel objected to the jury charge by stating, the last paragraph should be
eliminated from this, as to the words, The term operate.  There is no definition for the word operate
in the Texas Penal Code and these are made up by the prosecutor himself, by his
own admission, and put in here.  

            Appellate
review of error in a jury charge involves a two-step process.  Abdnor
v. State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); see also Sakil v. State,
287 S.W.3d 23, 2526 (Tex. Crim. App. 2009).  Initially, we must determine whether error
occurred.  If it did, we must then
evaluate whether sufficient harm resulted from the error to require reversal.  Abdnor,
871 S.W.2d at 73132.  

            Kirsch
correctly states the general rule that terms need not be defined in the jury
charge if they are not statutorily defined. 
Middleton v. State, 125 S.W.3d
450, 454 (Tex. Crim. App. 2003).  Because
operate is not statutorily defined, he also correctly points out that failure to give a definition for the
term does not constitute trial court error. 
Capps v. State, 171 Tex. Crim.
579, 352 S.W.2d 833, 835 (1962).  We do
not condone the inclusion of unnecessary terms in the jury charge.  However, inclusion
of this nonstatutorily defined term may not constitute error given our standard
of review in this case. 

            A trial
court has broad discretion in submitting proper definitions and explanatory
phrases to the jury.  Deener v. State, 214 S.W.3d 522, 529 (Tex. App.Dallas 2006, pet. refd); Roise v. State, 7 S.W.3d 225, 242 (Tex.
App.Austin 1999, pet. refd) (citing Macias
v. State, 959 S.W.2d 332, 336 (Tex. App.Houston [14th Dist.] 1997, pet.
refd)); see also Tex. Code Crim. Proc. Ann. art. 36.14
(Vernon 2007) (explaining that trial court shall . . . deliver to the jury . .
. a written charge distinctly setting forth the law applicable to the case).   A trial court abuses its discretion when it
acts without reference to guiding rules or principles of law, or when it
otherwise acts outside the wide zone of reasonable disagreement.  Casey v.
State, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).  

            The court
defined operate as to exert personal effort to cause the vehicle to
function.  Because the definition of
operate, while not necessary, was not without reference to guiding rules or
principles, we do not find that an abuse of discretion occurred.  The language of the courts charge is
conscripted from the Texas Court of Criminal Appeals discussion in Denton.  911 S.W.2d at 38990; Dornbusch, 262 S.W.3d at 436; Hearne
v. State, 80 S.W.3d 677, 679 (Tex. App.Houston [1st Dist.] 2002, no pet.);
see also Barton, 882 S.W.2d at 459
(citing Reddie v. State, 736 S.W.2d
923, 926 (Tex. App.San Antonio 1987, pet. refd).[5]  Even though the trial court was not obligated
to give a definition of operate, it did not exceed its broad discretion by
providing the correct definition, because the definition of operate was
directly at issue.  Denton, 911 S.W.2d at 389; see
Roise, 7 S.W.3d at 242.  We overrule this point of error. 

IV.      Kirsch
Failed to Preserve Point of Error that Jury Charge was Comment on the        Weight of the Evidence

 

            Kirsch
also challenges the trial courts definition as a comment on the weight of the
states evidence.  As a prerequisite to
presenting a complaint for appellate review, the record must show that:  (1) the complaint was made to the trial court
by a timely request, objection, or motion . . . .  Tex.
R. App. P. 33.1(a)(1).  Counsels
objection did not raise the issue of whether inclusion of the term was a
comment on the weight of the evidence. 
The motion for new trial also failed to present this specific argument
to the trial court.  Moreover, Kirschs
brief, which is inadequate with respect to this potential point of error, fails
to cite any supporting authority with regard to this issue.  Because this issue was not preserved, we
decline to address it.  This point of
error is overruled.

V.       CONCLUSION 

 

            We affirm the trial courts
judgment.  

 

 

 

 

 

 

                                                                        John
F. Miller, Jr.[6]

                                                                        Justice


 

Date Submitted:          October
13, 2010

Date Decided:             November
4, 2010

 

Do Not Publish           

  

 

 

 











[1]Because
he wearing a helmet, Richards was unable to identify Kirsch. 





[2]Kirsch
did not cooperate with attempts to administer field sobriety tests.    





[3]The
fact that all prescriptions were legal and had been prescribed to Kirsch was
cited as contrary evidence.  Intoxication
was not challenged.  This fact is not
relevant to the issue of operation of the motorcycle.





[4]This
reasoning was taken from our opinion in Sheldon
v. State, No. 06-08-00005-CR, 2008 WL 2388687 (Tex. App.Texarkana June 13,
2008, no pet.) (mem. op., not designated for publication); see also Ledet v. State,
No. 01-08-00367-CR, 2009 WL 2050753, at *34 (Tex. App.Houston [1st Dist.] July 16, 2009, no
pet.) (mem. op., not designated for publication) (evidence sufficient to
establish DWI where defendant found in car parked across the freeway; court
reasoned it was not logical that someone else drove the car, or that defendant
parked the car there while sober and proceeded to drink himself into
intoxication).  





[5]See Laroque v.
State, No. 2-09-210-CR, 2010 WL 3303857, at *3 (Tex. App.Fort Worth
Aug. 19, 2010, no pet. h.) (mem. op., not designated for publication) (submission
of the term operate in DWI jury charge was not error).  The court reasoned: 

 

We have not found any authority holding that, in a
circumstance such as the one in this case, a trial court errs by merely giving
the jury a neutral, legally correct definition of a term that is included in a
statute (but not defined by the statute) without giving any indication to the
jury about how it should factually apply that definition.  It is clear that the jury needed a definition
of operating a motor vehicle to come to its decision).  Although this unpublished case has no
precedential value, we may take guidance from it as an aid in developing
reasoning that may be employed.  

 

Carrillo v.
State, 98 S.W.3d 789, 794 (Tex.
App.Amarillo 2003, pet. refd).

 





[6]District
Judge John F. Miller, Jr., of the 102nd Judicial District Court was appointed
by order of Chief Justice Wallace Jefferson of the Texas Supreme Court,
pursuant to Tex. Govt Code Ann. § 74.003(h)
(Vernon 2005), to sit with this Court and hear this appeal in place of Justice
Bailey C. Moseley, who recused himself from the proceeding.