

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00071-CR

_____

SCOTT ALAN KIRSCH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Harrison County, Texas
Trial Court No. 2008-0684

Before Morriss, C.J., Carter and Miller,* JJ.
Memorandum Opinion by Justice Miller

_____

*John F. Miller, Jr., Sitting by Assignment

MEMORANDUM OPINION

Scott Alan Kirsch was found in the middle of the road on top of his motorcycle, intoxicated. He was convicted of his second driving while intoxicated (DWI) offense and was sentenced to serve 365 days in the Harrison County Jail. On appeal, Kirsch challenges the legal and factual sufficiency of the evidence leading to the finding that he was operating the motorcycle. According to Kirsch, the motorcycle was not running and there was no evidence Kirsch did anything "other than unsuccessfully 'kick start'" his motorcycle. He further complains that the trial court erred in defining the term "operate" in the jury charge because it is a common term and because the definition "to exert personal effort to cause the vehicle to function" improperly commented on the weight of the evidence. We affirm the trial court's judgment.

## I.  Statement of Facts

Julie Richards was driving home and encountered Kirsch at an intersection in the middle of the road. There were no businesses or houses in sight of the intersection. Kirsch was wearing a helmet[1] and was sitting on top of his motorcycle waiting to either make a turn or go straight. Richards testified:

> The gentleman was straddling the motorcycle, had his hands on the handle bars and was just sitting there . . . . At some point, he started tilting to the left, and he didn't fall hard. He just leaned over until he fell completely to the ground, one leg under the motorcycle, one over it still straddling it.

---

[1]Because he wearing a helmet, Richards was unable to identify Kirsch.

2

Richards "presumed he was going to get up and he did not."  After Kirsch refused her assistance, Richards called the Harrison County Sheriff's Department and reported her observations.

Officer Kevin Johnson, who was located less than two miles from the intersection, responded to the call.  He observed Kirsch sitting on top of his silver motorcycle "on Country Club Road at the stop sign to Loop 281" trying to kick-start the motorcycle.  Kirsch had difficulty following directions, and a video recording depicting Kirsch's extremely slow and slurred speech, struggle in taking his driver's license out of his wallet, and lack of balance was played for the jury. The video also shows Kirsch using keys to unlock a compartment under the motorcycle seat, implying that he had keys to the ignition.  After Kirsch admitted to ingesting several Xanax, Johnson concluded he "was not capable of operating that motorcycle."  Johnson believed Kirsch was intoxicated due to his medication or alcohol.  He generously described Kirsch as "smart-mouthed" and very uncooperative.

Officer Bill Turner conducted further investigation of the loud and "borderline abusive" Kirsch, noting he had "a little bit of difficulty with his coordination" and emanated a "fairly strong smell" of alcohol.  After confirming his suspicion that Kirsch was intoxicated by securing an admission that he had been drinking, Turner arrested him for DWI.[2]  The arrest for DWI instead of for public intoxication was due to Turner's belief that "there was no other way—reasonable way for me to deduct that that motorcycle had gotten to that location."  An inventory of Kirsch's backpack recovered an open Miller High Life beer and several prescription medications, including

---

[2]Kirsch did not cooperate with attempts to administer field sobriety tests.

3

Xanax and Flexeril. He had recently filled a thirty-pill Xanax prescription on March 14, 2008, but only had eighteen or nineteen pills left on the day of his arrest on March 21, 2008.

**II.     Sufficient Evidence Supports Kirsch's Conviction of DWI**

With Judge Cochran joining the lead opinion, authoring a concurring opinion and Judge Womack concurring with the lead opinion and joining the concurrence, in *Brooks v. State*, No. PD-0210-09, 2010 WL 3894613, at **1, 14 (Tex. Crim. App. Oct. 6, 2010) (4-1-4 decision), a plurality of the Texas Court of Criminal Appeals abolished the factual sufficiency review established by *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996), and its progeny. The plurality and Judge Womack agreed that the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks*, 2010 WL 3894613, at **1, 14. Since the Texas Court of Criminal Appeals has abolished factual sufficiency review, we need not address Kirsch's challenge to the factual sufficiency of the evidence.

In evaluating Kirsch's challenge to legal sufficiency of the evidence supporting his DWI conviction, we review the evidence, both properly and improperly admitted, in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of DWI beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003); *Hartsfield v. State*, 305

S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). Based on the *Brooks* plurality's description of the new application of legal sufficiency review under *Jackson* as "rigorous" and its statement that the use by reviewing courts of the factual sufficiency standard in tandem with the legal sufficiency standard may have "skewed" its proper application, it appears that the court is attempting to refocus the application of the legal sufficiency standard from the quantity to the quality of the evidence presented. *Brooks*, 2010 WL 3894613, at *14. We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

The sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically-correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *see also Vega v. State*, 267 S.W.3d 912, 916 (Tex. Crim. App. 2008). Under a hypothetically-correct jury charge, Kirsch committed the offense of DWI if (1) he, (2) operated, (3) a motor vehicle, (4) in a public place, (5) while intoxicated. TEX. PENAL CODE ANN. § 49.04 (Vernon 2003). Kirsch admits that he was intoxicated in a public place and that a motorcycle is a motor vehicle. His only challenge on appeal questions whether he was "operating" the motorcycle.

While there is no statutory definition of the term "operate," the Texas Court of Criminal

5

Appeals determined that a person "operates" a vehicle when "the totality of the circumstances must demonstrate that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995) (citing *Barton v. State*, 882 S.W.2d 456, 460 (Tex. App.—Dallas 1994, no pet.)); *Dornbusch v. State*, 262 S.W.3d 432, 436 (Tex. App.—Fort Worth 2008, no pet.). In *Denton*, the court held "while driving does involve operation, operation does not necessarily involve driving." *Denton*, 911 S.W.2d at 389. Under the *Denton* standard, "'operating' a motor vehicle is interpreted very broadly." *Dornbusch*, 262 S.W.3d at 436. "Because 'operating a motor vehicle' is defined so broadly, any action that is more than mere preparation toward operating the vehicle would necessarily be an 'action to affect the functioning of [a] vehicle in a manner that would enable the vehicle's use.'" *Id.*

It is true that no witness saw the motorcycle running.[3] Yet, Kirsch was found in the middle of the road at an intersection sitting on top of his motorcycle, which he was attempting to balance. He was wearing a helmet and had keys in hand. Officer Johnson testified that Kirsch attempted to kick-start the motorcycle. Using the broad definition of "operate," a jury could have determined Kirsch took action in a manner that would enable the motorcycle's use.

Moreover, the jury was not constrained from looking at circumstantial evidence, which alone can be sufficient to establish guilt. *Hooper*, 214 S.W.3d at 13. There were no businesses

---

[3]The fact that all prescriptions were legal and had been prescribed to Kirsch was cited as contrary evidence. Intoxication was not challenged. This fact is not relevant to the issue of operation of the motorcycle.

6

or houses near the intersection, and Kirsch was in a driving lane of a public highway.   The jury was free to draw reasonable inferences from the totality of these facts that Kirsch had driven the motorcycle to that place, and thus had operated the motorcycle while intoxicated.   *See Barton*, 882 S.W.2d at 458; *Reynolds v. State*, 744 S.W.2d 156, 158–59 (Tex. App.—Amarillo 1987, pet. ref'd) (evidence sufficient where driver was found alone, with feet on the floorboard of the driver's seat of a car that was half in a ditch and half on the road).[4]

Based upon the totality of the circumstances, we find the evidence legally sufficient to demonstrate Kirsch "took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use."   *Denton*, 911 S.W.2d at 390.

## III.     Inclusion of "Operate" in the Jury Charge Was Not Error

Kirsch's counsel objected to the jury charge by stating, "the last paragraph should be eliminated from this, as to the words, 'The term operate'.   There is no definition for the word 'operate' in the Texas Penal Code and these are made up by the prosecutor himself, by his own admission, and put in here."

Appellate review of error in a jury charge involves a two-step process.   *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); *see also Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex.

---

[4]This reasoning was taken from our opinion in *Sheldon v. State*, No. 06-08-00005-CR, 2008 WL 2388687 (Tex. App.—Texarkana June 13, 2008, no pet.) (mem. op., not designated for publication); *see also Ledet v. State*, No. 01-08-00367-CR, 2009 WL 2050753, at *3–4 (Tex. App.—Houston [1st Dist.] July 16, 2009, no pet.) (mem. op., not designated for publication) (evidence sufficient to establish DWI where defendant found in car parked across the freeway; court reasoned it was not logical that someone else drove the car, or that defendant parked the car there while sober and proceeded to drink himself into intoxication).

Crim. App. 2009). Initially, we must determine whether error occurred. If it did, we must then evaluate whether sufficient harm resulted from the error to require reversal. *Abdnor*, 871 S.W.2d at 731–32.

Kirsch correctly states the general rule that terms need not be defined in the jury charge if they are not statutorily defined. *Middleton v. State*, 125 S.W.3d 450, 454 (Tex. Crim. App. 2003). Because "operate" is not statutorily defined, he also correctly points out that *failure* to give a definition for the term does not constitute trial court error. *Capps v. State*, 171 Tex. Crim. 579, 352 S.W.2d 833, 835 (1962). We do not condone the inclusion of unnecessary terms in the jury charge. However, *inclusion* of this nonstatutorily defined term may not constitute error given our standard of review in this case.

A trial court has broad discretion in submitting proper definitions and explanatory phrases to the jury. *Deener v. State*, 214 S.W.3d 522, 529 (Tex. App.—Dallas 2006, pet. ref'd); *Roise v. State*, 7 S.W.3d 225, 242 (Tex. App.—Austin 1999, pet. ref'd) (citing *Macias v. State*, 959 S.W.2d 332, 336 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd)); *see also* TEX. CODE CRIM. PROC. ANN. art. 36.14 (Vernon 2007) (explaining that trial court "shall . . . deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case"). A trial court abuses its discretion when it acts without reference to guiding rules or principles of law, or when it otherwise acts outside the wide zone of reasonable disagreement. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).

The court defined "operate" as "to exert personal effort to cause the vehicle to function." Because the definition of operate, while not necessary, was not without reference to guiding rules or principles, we do not find that an abuse of discretion occurred. The language of the court's charge is conscripted from the Texas Court of Criminal Appeals' discussion in *Denton*. 911 S.W.2d at 389–90; *Dornbusch*, 262 S.W.3d at 436; *Hearne v. State*, 80 S.W.3d 677, 679 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also Barton*, 882 S.W.2d at 459 (citing *Reddie v. State*, 736 S.W.2d 923, 926 (Tex. App.—San Antonio 1987, pet. ref'd).[5] Even though the trial court was not obligated to give a definition of "operate," it did not exceed its "broad discretion" by providing the correct definition, because "the definition of 'operate' was directly at issue." *Denton*, 911 S.W.2d at 389; *see Roise*, 7 S.W.3d at 242. We overrule this point of error.

## IV. Kirsch Failed to Preserve Point of Error that Jury Charge was Comment on the Weight of the Evidence

Kirsch also challenges the trial court's definition as "a comment on the weight of the state's evidence." "As a prerequisite to presenting a complaint for appellate review, the record must

---

[5]*See Laroque v. State*, No. 2-09-210-CR, 2010 WL 3303857, at *3 (Tex. App.—Fort Worth Aug. 19, 2010, no pet. h.) (mem. op., not designated for publication) (submission of the term operate in DWI jury charge was not error). The court reasoned:

> We have not found any authority holding that, in a circumstance such as the one in this case, a trial court errs by merely giving the jury a neutral, legally correct definition of a term that is included in a statute (but not defined by the statute) without giving any indication to the jury about how it should factually apply that definition. It is clear that the jury needed a definition of "operating a motor vehicle" to come to its decision"). Although this unpublished case has no precedential value, we may take guidance from it "as an aid in developing reasoning that may be employed."

*Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

show that: (1) the complaint was made to the trial court by a timely request, objection, or motion . . . ." TEX. R. APP. P. 33.1(a)(1). Counsel's objection did not raise the issue of whether inclusion of the term was a comment on the weight of the evidence. The motion for new trial also failed to present this specific argument to the trial court. Moreover, Kirsch's brief, which is inadequate with respect to this potential point of error, fails to cite any supporting authority with regard to this issue. Because this issue was not preserved, we decline to address it. This point of error is overruled.

## V.    CONCLUSION

We affirm the trial court's judgment.

John F. Miller, Jr.[6]
Justice

Date Submitted:     October 13, 2010
Date Decided:        November 4, 2010

Do Not Publish

---

[6]District Judge John F. Miller, Jr., of the 102nd Judicial District Court was appointed by order of Chief Justice Wallace Jefferson of the Texas Supreme Court, pursuant to TEX. GOV'T CODE ANN. § 74.003(h) (Vernon 2005), to sit with this Court and hear this appeal in place of Justice Bailey C. Moseley, who recused himself from the proceeding.

10