In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00071-CR

                                                ______________________________

 

 

                                     SCOTT ALAN KIRSCH,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                            On Appeal from the County Court at Law

                                                           Harrison County, Texas

                                                         Trial Court
No. 2008-0684

 

                                                             
                                     

 

 

 

                                           Before Morriss, C.J.,
Carter and Miller,* JJ.

                                              Memorandum Opinion by Justice Miller

 

 

______________________________

*John F. Miller, Jr.,
Sitting by Assignment








                                                      MEMORANDUM OPINION

 

            Scott Alan Kirsch
was found in the middle of the road on top of his motorcycle, intoxicated.  He was convicted of his second driving while
intoxicated (DWI) offense and was sentenced to serve 365 days in the Harrison
County Jail.  On appeal, Kirsch
challenges the legal and factual sufficiency of the evidence leading to the
finding that he was operating the motorcycle. 
According to Kirsch, the motorcycle was not running and there was no
evidence Kirsch did anything “other than unsuccessfully ‘kick start’” his motorcycle.  He further complains that the trial court
erred in defining the term “operate” in the jury charge because it is a common
term and because the definition “to exert personal effort to
cause the vehicle to function” improperly commented on the weight of the
evidence.  We affirm the trial court’s
judgment. 

I.         Statement of Facts 

 

            Julie
Richards was driving home and encountered Kirsch at an intersection in the
middle of the road.  There were no
businesses or houses in sight of the intersection.  Kirsch was wearing a helmet[1]
and was sitting on top of his motorcycle waiting to either make a turn or go
straight.   Richards testified:

The
gentleman was straddling the motorcycle, had his hands on the handle bars and
was just sitting there . . . . At some point, he started tilting to the left,
and he didn’t fall hard.  He just leaned
over until he fell completely to the ground, one leg under the motorcycle, one
over it still straddling it.

 

Richards
“presumed he was going to get up and he did not.”  After Kirsch refused her assistance, Richards
called the Harrison County Sheriff’s Department and reported her observations. 

            Officer
Kevin Johnson, who was located less than two miles from the intersection,
responded to the call.  He observed
Kirsch sitting on top of his silver motorcycle “on Country Club Road at the
stop sign to Loop 281” trying to kick-start the motorcycle.  Kirsch had difficulty following directions,
and a video recording depicting Kirsch’s extremely slow and slurred speech,
struggle in taking his driver’s license out of his wallet, and lack of balance
was played for the jury.  The video also
shows Kirsch using keys to unlock a compartment under the motorcycle seat,
implying that he had keys to the ignition. 
After Kirsch admitted to ingesting several Xanax, Johnson concluded he “was
not capable of operating that motorcycle.” 
Johnson believed Kirsch was intoxicated due to his medication or
alcohol.  He generously described Kirsch
as “smart-mouthed” and very uncooperative. 


            Officer Bill Turner conducted
further investigation of the loud and “borderline abusive” Kirsch, noting he
had “a little bit of difficulty with his coordination” and emanated a “fairly
strong smell” of alcohol.  After
confirming his suspicion that Kirsch was intoxicated by securing an admission
that he had been drinking, Turner arrested him for DWI.[2]  The arrest for DWI instead of for public
intoxication was due to Turner’s belief that “there was no other way—reasonable
way for me to deduct that that motorcycle had gotten to that location.”  An inventory of Kirsch’s backpack recovered
an open Miller High Life beer and several prescription medications, including
Xanax and Flexeril.  He had recently
filled a thirty-pill Xanax prescription on March 14, 2008, but only had
eighteen or nineteen pills left on the day of his arrest on March 21,
2008.  

II.       Sufficient Evidence Supports Kirsch’s
Conviction of DWI

 

            With Judge Cochran joining the
lead opinion, authoring a concurring opinion and Judge Womack concurring with
the lead opinion and joining the concurrence, in Brooks v. State, No. PD-0210-09, 2010 WL 3894613, at **1, 14 (Tex.
Crim. App. Oct. 6, 2010) (4-1-4 decision), a plurality of the Texas Court of
Criminal Appeals abolished the factual sufficiency review established by Clewis v. State, 922 S.W.2d 126 (Tex.
Crim. App. 1996), and its progeny.  The
plurality and Judge Womack agreed that the Jackson
v. Virginia legal-sufficiency standard is the only standard that a
reviewing court should apply in determining whether the evidence is sufficient
to support each element of a criminal offense that the State is required to
prove beyond a reasonable doubt.  Brooks, 2010 WL 3894613, at **1,
14.  Since the Texas Court of Criminal
Appeals has abolished factual sufficiency review, we need not address Kirsch’s
challenge to the factual sufficiency of the evidence.

            In
evaluating Kirsch’s challenge to legal sufficiency of the evidence supporting
his DWI conviction, we review the evidence, both properly and improperly
admitted, in the light most favorable to the jury’s verdict to determine
whether any rational jury could have found the essential elements of DWI beyond
a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003); Hartsfield v. State, 305 S.W.3d 859, 863
(Tex. App.—Texarkana 2010, pet. ref’d) (citing Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).  Based on the Brooks plurality’s description of the new application of legal
sufficiency review under Jackson as “rigorous”
and its statement that the use by reviewing courts of the factual sufficiency
standard in tandem with the legal sufficiency standard may have “skewed” its
proper application, it appears that the court is attempting to refocus the
application of the legal sufficiency standard from the quantity to the quality
of the evidence presented.  Brooks, 2010 WL 3894613, at *14.  We examine legal sufficiency under the
direction of the Brooks opinion,
while giving deference to the responsibility of the jury “to fairly resolve
conflicts in testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.” 
Hooper v. State, 214 S.W.3d 9,
13 (Tex. Crim. App. 2007) (citing Jackson,
443 U.S. at 318–19).  

            The
sufficiency of the evidence is measured by the elements of the offense as
defined by a hypothetically-correct jury charge.  Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); see also Vega v. State,
267 S.W.3d 912, 916 (Tex. Crim. App. 2008). 
Under a hypothetically- correct jury charge, Kirsch committed the
offense of DWI if (1) he, (2) operated, (3) a motor vehicle, (4) in a public
place, (5) while intoxicated.  Tex. Penal Code Ann. § 49.04 (Vernon
2003).  Kirsch admits that he was
intoxicated in a public place and that a motorcycle is a motor vehicle.  His only challenge on appeal questions
whether he was “operating” the motorcycle. 


            While there
is no statutory definition of the term “operate,” the Texas Court of Criminal
Appeals determined that a person “operates” a vehicle when “the totality of the
circumstances must demonstrate that the defendant took action to affect the
functioning of his vehicle in a manner that would enable the vehicle’s use.”   Denton
v. State, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995) (citing Barton v. State, 882 S.W.2d 456, 460 (Tex.
App.—Dallas 1994, no pet.)); Dornbusch v.
State, 262 S.W.3d 432, 436 (Tex. App.—Fort Worth 2008, no pet.).  In Denton,
the court held “while driving does involve operation, operation does not
necessarily involve driving.”  Denton, 911 S.W.2d at 389.  Under the Denton
standard, ‘“operating’ a motor vehicle is interpreted very broadly.”  Dornbusch,
262 S.W.3d at 436.  “Because ‘operating a
motor vehicle’ is defined so broadly, any action that is more than mere
preparation toward operating the vehicle would necessarily be an ‘action to
affect the functioning of [a] vehicle in a manner that would enable the vehicle’s
use.’”  Id.  

            It is true
that no witness saw the motorcycle running.[3]  Yet, Kirsch was found in the middle of the
road at an intersection sitting on top of his motorcycle, which he was
attempting to balance.  He was wearing a
helmet and had keys in hand.  Officer
Johnson testified that Kirsch attempted to kick-start the motorcycle.  Using the broad definition of  “operate,” a jury could have determined Kirsch
took action in a manner that would enable the motorcycle’s use.  

            Moreover,
the jury was not constrained from looking at circumstantial evidence, which
alone can be sufficient to establish guilt.  Hooper,
214 S.W.3d at 13.  There were no
businesses or houses near the intersection, and Kirsch was in a driving lane of
a public highway.  The jury was free to
draw reasonable inferences from the totality of these facts that Kirsch had
driven the motorcycle to that place, and thus had operated the motorcycle while
intoxicated.  See Barton, 882 S.W.2d at 458; Reynolds
v. State, 744 S.W.2d 156, 158–59 (Tex. App.—Amarillo 1987, pet. ref’d) (evidence
sufficient where driver was found alone, with feet on the floorboard of the
driver’s seat of a car that was half in a ditch and half on the road).[4]  

            Based upon
the totality of the circumstances, we find the evidence legally sufficient to
demonstrate Kirsch “took action to affect the functioning of his vehicle in a
manner that would enable the vehicle’s use.”  Denton,
911 S.W.2d at 390. 

III.     Inclusion
of “Operate” in the Jury Charge Was Not Error

 

            Kirsch’s
counsel objected to the jury charge by stating, “the last paragraph should be
eliminated from this, as to the words, ‘The term operate’.  There is no definition for the word ‘operate’
in the Texas Penal Code and these are made up by the prosecutor himself, by his
own admission, and put in here.”  

            Appellate
review of error in a jury charge involves a two-step process.  Abdnor
v. State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); see also Sakil v. State,
287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009).  Initially, we must determine whether error
occurred.  If it did, we must then
evaluate whether sufficient harm resulted from the error to require reversal.  Abdnor,
871 S.W.2d at 731–32.  

            Kirsch
correctly states the general rule that terms need not be defined in the jury
charge if they are not statutorily defined. 
Middleton v. State, 125 S.W.3d
450, 454 (Tex. Crim. App. 2003).  Because
“operate” is not statutorily defined, he also correctly points out that failure to give a definition for the
term does not constitute trial court error. 
Capps v. State, 171 Tex. Crim.
579, 352 S.W.2d 833, 835 (1962).  We do
not condone the inclusion of unnecessary terms in the jury charge.  However, inclusion
of this nonstatutorily defined term may not constitute error given our standard
of review in this case. 

            A trial
court has broad discretion in submitting proper definitions and explanatory
phrases to the jury.  Deener v. State, 214 S.W.3d 522, 529 (Tex. App.—Dallas 2006, pet. ref’d); Roise v. State, 7 S.W.3d 225, 242 (Tex.
App.—Austin 1999, pet. ref’d) (citing Macias
v. State, 959 S.W.2d 332, 336 (Tex. App.—Houston [14th Dist.] 1997, pet.
ref’d)); see also Tex. Code Crim. Proc. Ann. art. 36.14
(Vernon 2007) (explaining that trial court “shall . . . deliver to the jury . .
. a written charge distinctly setting forth the law applicable to the case”).   A trial court abuses its discretion when it
acts without reference to guiding rules or principles of law, or when it
otherwise acts outside the wide zone of reasonable disagreement.  Casey v.
State, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).  

            The court
defined “operate” as “to exert personal effort to cause the vehicle to
function.”  Because the definition of
operate, while not necessary, was not without reference to guiding rules or
principles, we do not find that an abuse of discretion occurred.  The language of the court’s charge is
conscripted from the Texas Court of Criminal Appeals’ discussion in Denton.  911 S.W.2d at 389–90; Dornbusch, 262 S.W.3d at 436; Hearne
v. State, 80 S.W.3d 677, 679 (Tex. App.—Houston [1st Dist.] 2002, no pet.);
see also Barton, 882 S.W.2d at 459
(citing Reddie v. State, 736 S.W.2d
923, 926 (Tex. App.—San Antonio 1987, pet. ref’d).[5]  Even though the trial court was not obligated
to give a definition of “operate,” it did not exceed its “broad discretion” by
providing the correct definition, because “the definition of ‘operate’ was
directly at issue.”  Denton, 911 S.W.2d at 389; see
Roise, 7 S.W.3d at 242.  We overrule this point of error. 

IV.      Kirsch
Failed to Preserve Point of Error that Jury Charge was Comment on the        Weight of the Evidence

 

            Kirsch
also challenges the trial court’s definition as “a comment on the weight of the
state’s evidence.”  “As a prerequisite to
presenting a complaint for appellate review, the record must show that:  (1) the complaint was made to the trial court
by a timely request, objection, or motion . . . .”  Tex.
R. App. P. 33.1(a)(1).  Counsel’s
objection did not raise the issue of whether inclusion of the term was a
comment on the weight of the evidence. 
The motion for new trial also failed to present this specific argument
to the trial court.  Moreover, Kirsch’s
brief, which is inadequate with respect to this potential point of error, fails
to cite any supporting authority with regard to this issue.  Because this issue was not preserved, we
decline to address it.  This point of
error is overruled.

V.       CONCLUSION 

 

            We affirm the trial court’s
judgment.  

 

 

 

 

 

 

                                                                        John
F. Miller, Jr.[6]

                                                                        Justice


 

Date Submitted:          October
13, 2010

Date Decided:             November
4, 2010

 

Do Not Publish           

  

 

 

 











[1]Because
he wearing a helmet, Richards was unable to identify Kirsch. 





[2]Kirsch
did not cooperate with attempts to administer field sobriety tests.    





[3]The
fact that all prescriptions were legal and had been prescribed to Kirsch was
cited as contrary evidence.  Intoxication
was not challenged.  This fact is not
relevant to the issue of operation of the motorcycle.





[4]This
reasoning was taken from our opinion in Sheldon
v. State, No. 06-08-00005-CR, 2008 WL 2388687 (Tex. App.—Texarkana June 13,
2008, no pet.) (mem. op., not designated for publication); see also Ledet v. State,
No. 01-08-00367-CR, 2009 WL 2050753, at *3–4 (Tex. App.—Houston [1st Dist.] July 16, 2009, no
pet.) (mem. op., not designated for publication) (evidence sufficient to
establish DWI where defendant found in car parked across the freeway; court
reasoned it was not logical that someone else drove the car, or that defendant
parked the car there while sober and proceeded to drink himself into
intoxication).  





[5]See Laroque v.
State, No. 2-09-210-CR, 2010 WL 3303857, at *3 (Tex. App.—Fort Worth
Aug. 19, 2010, no pet. h.) (mem. op., not designated for publication) (submission
of the term operate in DWI jury charge was not error).  The court reasoned: 

 

We have not found any authority holding that, in a
circumstance such as the one in this case, a trial court errs by merely giving
the jury a neutral, legally correct definition of a term that is included in a
statute (but not defined by the statute) without giving any indication to the
jury about how it should factually apply that definition.  It is clear that the jury needed a definition
of “operating a motor vehicle” to come to its decision”).  Although this unpublished case has no
precedential value, we may take guidance from it “as an aid in developing
reasoning that may be employed.”  

 

Carrillo v.
State, 98 S.W.3d 789, 794 (Tex.
App.—Amarillo 2003, pet. ref’d).

 





[6]District
Judge John F. Miller, Jr., of the 102nd Judicial District Court was appointed
by order of Chief Justice Wallace Jefferson of the Texas Supreme Court,
pursuant to Tex. Gov’t Code Ann. § 74.003(h)
(Vernon 2005), to sit with this Court and hear this appeal in place of Justice
Bailey C. Moseley, who recused himself from the proceeding.